[No. 9700.   Department Two.—March 9, 1886.]

KATE KIMPLE, APPELLANT, v. MARGARET CON-
WAY ET AL., RESPONDENTS.

APPEAL—NONSUIT—ORDER—JUDGMENT.—No appeal lies from an order
or judgment of nonsuit.

ID.—JUDGMENT MUST BE ENTERED BEFORE APPEAL.—An appeal from a final
judgment cannot be taken until after it has been entered.

ID.—ORDER DISSOLVING INJUNCTION—TRANSCRIPT.—On an appeal from an
order dissolving a preliminary injunction, the order must be embodied
in the transcript.

ID.—ORDER DENYING NEW TRIAL—APPEAL FROM—NOTICE.—A notice of
appeal stated that the plaintiff appealed from an order overruling and
denying his motion to set aside a judgment or order of nonsuit, and
dissolving a preliminary injunction, and for granting a rehearing therein.
The plaintiff had previously served a notice of motion for a rehearing or
new trial, which had been denied.   Held, that the appeal referred to in
the notice was from the order denying the new trial.

ID.—JUDGMENT ROLL—TRANSCRIPT MUST CONTAIN.—On an appeal from an
order refusing a new trial, the judgment roll must be embodied in the

APPEAL from an order of the Superior Court of the
city and county of San Francisco granting a nonsuit,
and from an order dissolving a preliminary injunction,
and from an order refusing a new trial.

Motion to dismiss appeal.   The facts are stated in the
opinion of the court.

D. L. Smoot, and Aug. M. Heslep, for Appellant.

W. R. Daingerfield, for Respondents.

THORNTON, J.—Motion to dismiss appeals taken by
the plaintiff.   The notice of appeal is as follows:—

"You will please take notice that the plaintiff in the
above-entitled action hereby appeals to the Supreme
Court of the state of California, from the judgment or
order of nonsuit in the above-entitled cause, also order
dissolving preliminary injunction in said cause therein
entered in the said Superior Court on the eighth day of

February, 1884, in favor of the defendants in said action and against said plaintiff, and from the whole thereof.

"Also overruling and denying plaintiff's motion to set aside said judgment or order of nonsuit, and dissolving plaintiff's preliminary injunction, and for granting a rehearing therein, entered in said Superior Court on the 21st of May, A. D. 1884, in favor of said defendants in said action and against said plaintiff."

1. There is no appeal allowed by law from an order of nonsuit. Nor does the law allow an appeal from a judgment of nonsuit. If it should be urged that the judgment of nonsuit is the final judgment from which an appeal is allowed, the plain reply is that the transcript does not show that a final judgment has ever been entered. No appeal can be taken from a final judgment until it has been entered. (*McLaughlin* v. *Doherty*, 54 Cal. 519; *Thomas* v. *Anderson*, 55 Cal. 43.)

2. The transcript contains no order dissolving an injunction. On appeal from that order the order must be furnished in the transcript. (Code Civ. Proc., sec. 951.)

3. The third appeal mentioned in the notice of appeal we are of opinion is an appeal from an order denying a new trial. The notice of appeal states it as an appeal from overruling and denying plaintiff's motion for granting a rehearing. Such a rehearing can signify nothing else than a new trial, for the only mode of rehearing the cause is by a new trial. That the word "rehearing" is used here in the sense "new trial" is borne out by the use of the words in the notice of intention to move for "a rehearing or new trial." These words, "rehearing" and "new trial," are there used as synonymous. It further appears that the court below so understood these words, treated this notice as a notice of motion for a new trial, and denied it.

The only remaining objection to the appeals is that the transcript does not contain the complete judgment roll. Of this judgment roll a copy of the final judgment

is wanting. On appeal from an order denying a motion for a new trial, the judgment roll must be in the transcript. (Code Civ. Proc., secs. 661, 952.)

The appeal from the order of nonsuit and judgment of nonsuit is dismissed.

The other appeal will stand dismissed unless appellant shall furnish at the hearing of this cause copies of the papers above designated as wanting in the transcript certified and attested in the mode required by law.

The other questions made on the argument are reserved until the hearing of the cause. They do not properly come before us until such hearing.

Ordered accordingly.

MCKEE, J., and SHARPSTEIN, J., concurred.