[Sac. No. 912.   Department One.—October 17, 1903.]

PACIFIC PAVING COMPANY, Appellant, v. NICHOLAS VIZELICH et al., Defendants; GEORGE FINKBOHNER, Respondent.

DISMISSAL OF ACTION—DELAY IN RETURN OF SUMMONS—MINUTE ORDER —FINAL JUDGMENT—APPEAL.—An order entered in the minutes of the court for the dismissal of an action for failure to return the summons within three years, under subdivision 7 of section 581 of the Code of Civil Procedure, is a final judgment, for the purpose of appeal therefrom.

ID.—ERRONEOUS DISMISSAL—APPEARANCE OF PARTY SERVED—PRESUMED AUTHORITY OF ATTORNEYS—DELAY OF ATTACK—ESTOPPEL.—The dismissal of the action for failure to return the summons was erroneous, and the moving party was estopped from urging it, as against the plaintiff, where such party was promptly served with summons, and attorneys promptly appear for him who are presumed to have had authority to represent him, and whose authority the plaintiff could not question, and who stipulated in his behalf with the plaintiff that the case should abide the result of another similar action, and whose authority to act for the moving party was not assailed by him until after the lapse of more than five years, during which time the plaintiff had delayed to return the summons on the strength of the appearance for him, upon which the plaintiff was entitled to rely.

ID.—SUFFICIENCY OF COMPLAINT—MOTION TO DISMISS—APPEAL.—The sufficiency of the complaint to state a cause of action is not available on a motion to dismiss the complaint, and cannot be considered upon appeal from an order granting the motion.

ID.—ORDER REFUSING TO SET ASIDE STIPULATION—APPEAL—RENEWAL OF MOTION.—An order refusing to set aside the stipulation is not appealable, and is reviewable only on appeal from the final judgment by the moving party, and the motion to set it aside may be renewed before such appeal is taken, after reversal of a judgment dismissing the action as to him.

APPEALS from two judgments of the Superior Court of San Joaquin County dismissing an action. Edward I. Jones, Judge.

The facts are stated in the opinion of the court.

James A. Louttit, and Gunnison, Booth & Bartnett, for Appellant.

The acts of the attorneys who appeared for Finkbohner bound him until they were superseded, regardless of the question of actual authority, if no collusion appears. (*Blodgett* v. *Conklin,* 9 How. Pr. 442; *Lewis* v. *Sumner,* 13 Met. 269; *Bayley* v. *Buckland,* 1 Welsby, H. &. G. 1; *Seale* v. *McLaughlin,* 28 Cal. 668.)

Elliott & Elliott, and J. B. Webster, for Respondent, Finkbohner.

The judgment of dismissal was properly granted, there having been no authorized appearance for the defendant Finkbohner. (*Modoc Land etc. Co.* v. *Superior Court,* 128 Cal. 255.) The statute is mandatory, and the judge had no discretion or jurisdiction to refuse the dismissal. (*Vrooman* v. *Li Po Tai,* 113 Cal. 302; *White* v. *Superior Court,* 126 Cal. 245.)

ANGELLOTTI, J.—The plaintiff instituted this action on December 2, 1893, to foreclose the lien of a street assessment upon a lot of land of which defendant Vizelich was alleged to be the owner, and in which defendant Finkbohner was alleged to claim some interest. During the pendency of the action, Finkbohner became the owner of the property by deed from Vizelich. Summons was issued, and was served on Finkbohner on January 13, 1894, but affidavit of such service was not made until December 19, 1899, and the summons was not returned and filed in the office of the clerk of the court until February 19, 1900. On January 22, 1894, what purported to be the demurrer of both defendants was filed, the same being signed by James H. Budd and J. E. Budd, as attorneys for defendant, and Gould & Baldwin, as counsel. On January 29, 1894, this demurrer was overruled and defendants were allowed twenty days to answer. On February 16, 1894, twenty days further time was allowed to answer by stipulation of counsel, and on April 28, 1897, the following stipulation was filed, viz.: "It is stipulated and agreed that the defendants in the above-entitled actions need not file an answer in said actions, but that the said actions shall abide the result of the action of the Pacific Paving Company against J. L. Mowbray, 5163, and whatever judgment may be finally

entered in said action shall also be entered in each of the above-entitled cases, whether the same be in favor of the plaintiff or defendant; and if in favor of the plaintiff, then in each case according to the prayer of the complaint.

"Dated April 23, 1897.

"Jas. A. Louttit, attorney for plaintiff. F. H. Gould, James H. and J. E. Budd, attorneys for defendants."

In December, 1899, defendant Finkbohner, through his attorneys, J. B. Webster and L. W. Elliott, gave notice of a motion to vacate, set aside, and declare null and void the said stipulation, on the grounds that he had never employed either of the attorneys signing the same, or any other attorney or person, to make said stipulation, or do anything in this action on his behalf; and also to dismiss the action on the ground that the summons was not returned or filed within three years after the commencement of the action. He also, not waiving his motion, filed a demurrer to the complaint. The motion was in due time heard, and on March 12, 1900, the court made the following order, as appears from the minute entry set forth in the bill of exceptions, viz.:—

"It is by the court ordered as a disposition at one time of the three motions, 1, that defendant Finkbohner's motion to set aside the stipulation herein be, and the same hereby is, denied; 2, that the plaintiff's motion to enter the default of defendant Finkbohner for not answering be, and the same hereby is, denied; 3, that the defendant Finkbohner's motion to dismiss said action as to himself be, and the same is hereby granted." On September 12, 1900, the court rendered its decision in the case, finding that on April 28, 1897, "the parties . . . signed and filed" the stipulation herebefore set forth, and that judgment was finally entered in said action of Pacific Paving Company *v.* J. L. Mowbray, No. 5163, in favor of plaintiffs, and as a conclusion of law therefrom found that plaintiff was entitled to judgment as prayed for in its complaint. On the same day judgment, signed by the judge, was entered, adjudging that the action be dismissed as to defendant Finkbohner, and directing the sale of the land to satisfy the assessment, attorney fee, and costs.

The plaintiff appeals both from the order of judgment of March 12, 1900, and the judgment of September 12, 1900.

It was held in *Marks* v. *Keenan,* 140 Cal. 33, that an order dismissing an action under subdivision 7 of section 581 of the Code of Civil Procedure is, when entered on the minutes of the court, a final judgment within the meaning of the provisions of the code touching appeals, and should be treated as such for the purpose of appeal. An appeal having in this case been taken from the order or judgment of March 12, 1900, within the time allowed by the statute for appeals from final judgments, the action of the court thereon may be here reviewed. If that order was erroneous, the final judgment of September 12, 1900, from which an appeal was also taken, is also erroneous, for it was clearly in conflict with the findings and decision of the court, which were in favor of plaintiff as against both defendants, and directed the entry of judgment against both. The final judgment of September 12th was undoubtedly based upon the order of dismissal of March 12, 1900.

We are unable to perceive any ground upon which such order of dismissal as to Finkbohner can be sustained. The motion to dismiss was undoubtedly based upon the order of the court made March 12, 1900, granting Finkbohner's motion to dismiss said action as to him. That motion was based solely on the ground that the summons in said action had not been returned or filed within three years after the commencement of the action. The statute providing for a dismissal in such a case (Code Civ. Proc., sec. 581, subd. 7), further provides that "all such actions may be prosecuted, if appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served." Admittedly, if Finkbohner appeared within three years from the commencement of the action, the action could not be legally dismissed for failure on the part of plaintiff to return and file the summons within the three years. It is urged by respondent that inasmuch as the dismissal could have been made on no other ground, the dismissal by the court was a finding by it that no appearance had been made by defendant. There was evidence on which the court was justified in finding that, although the attorneys who appeared for Finkbohner by filing a demurrer for him, obtaining time and stipulating on his behalf, had good reason to believe they were

authorized to appear for him by reason of their employment by the committee of property-owners affected by the assessment for street work here involved, and acted in good faith in so appearing, they were never in fact authorized by Finkbohner to appear for him. Conceding that they had no authority to appear for him, the evidence was without conflict to the effect that, although personally served with summons on January 13, 1894, he never personally or by any other attorney appeared in the action until December 2, 1899, or "so far as the record shows, took any step to defend the same." It further showed without conflict that there was placed on file on his behalf, within ten days after service of summons on him, what purported on its face to be an appearance by him, —viz., a demurrer to the complaint signed by attorneys of the court (Code Civ. Proc., sec. 1014), whose authority to act for him the plaintiff had no ground to question. It further showed, without conflict, the stipulation already referred to, and also that, although said defendant had full notice of the action by reason of the personal service of summons on him, he never until the year 1899 caused any intimation to be given to any one that the attorneys who had appeared for him had not been in fact authorized by him so to do. Upon these facts the court was not warranted in finding, upon his motion, that there was no appearance made by said defendant, even although the attorneys had not been authorized to appear for him. There was such an appearance as plaintiff was entitled to rely on, and consequently refrain from returning and filing the summons that had been served.

In the absence of statutory requirement that the authority of an attorney shall be evidenced by writing, it is always presumed that an attorney appearing and acting for a party to a cause has authority to so do. (See 3 Am. & Eng. Ency. of Law, 2d ed., p. 375; *Turner* v. *Caruthers,* 17 Cal. 431; *Hayes* v. *Shattuck,* 21 Cal. 51; *Ricketson* v. *Comptor,* 23 Cal. 649; *San Luis Obispo* v. *Hendricks,* 71 Cal. 246; *Hunter* v. *Bryant,* 98 Cal. 247, 250; *Avery* v. *Maude,* 112 Cal. 565; *San Francisco Sav. Union* v. *Long,* 123 Cal. 113.) It was said by this court in *San Francisco Sav. Union* v. *Long,* 123 Cal. 113, that, "It is always presumed, until the contrary appears, that an attorney is duly authorized to appear for and repre-

sent any parties for whom he assumes to act. This confidence, which underlies all judicial action in this country, rests not only upon a belief in the honor and integrity of the attorney, but upon the fact that he is a sworn officer of the court.'' It was said by the supreme court of Massachusetts, in *Lewis* v. *Sumner,* 13 Met. 269, that when an appearance is entered for a party by a regular attorney, all parties have a right, *prima facie,* to regard him as the accredited representative of such party. This must, in the nature of things, be especially true when a defendant has been personally served with summons, and thus brought within the jurisdiction of the court, and no other appearance is made by or for him. By his omission to otherwise appear, having actual knowledge of the proceeding against him, he causes the plaintiff to more strongly rely upon the presumption as to the authority of the attorney who, in the manner provided by law, files an appearance for him, and therefore to refrain from filing the proof of service of summons, which is entirely unnecessary in cases where the defendant appears. We are satisfied that he cannot, under such circumstances, be heard to say, for the purpose of obtaining a dismissal of the action under subdivision 7 of section 581 of the Code of Civil Procedure, that he has not appeared in the action. That statute was designed for the benefit of defendants in actions, to relieve them from the assertion of stale demands and to insure proper diligence in the prosecution of asserted claims. That a defendant may expressly waive the benefit of its provisions was held by this court in *Cooper* v. *Gordon,* 125 Cal. 296, in which case summons was never served, and there had not been at the time of the motion for dismissal any appearance *made* by the defendant. In that case the parties had personally stipulated in writing that the plaintiff might take a judgment at any time for a stipulated amount, but this stipulation was not filed, and plaintiff, relying on the stipulation, failed to return the summons. It was held that this stipulation was intended in lieu of an answer, and was also a consent to the entry of the appearance of the defendant and the entry of judgment after the lapse of the three years limited by law, and although summons had not been returned and no appearance had been made within the three years, an order vacating the judgment of dismissal

was affirmed. In the case at bar a paper that plaintiff was entitled, and in fact bound, to treat as an appearance of Finkbohner had been filed within ten days after service of summons, —viz., a demurrer on his behalf signed by attorneys of the court. By reason of this purported appearance, which he, having full notice of the action, had failed in any way to repudiate, and relying thereon, plaintiff failed to make return of summons within the three years. Under such circumstances, a defendant will not be allowed to repudiate the appearance after the expiration of the three years, for the purpose of obtaining a dismissal on the ground that the summons was not returned within the three years, the statute expressly providing that the action may be prosecuted if appearance has been made within three years, in the same manner as if summons had been issued and served.

It was further urged on oral argument and by supplemental brief, that the judgment of dismissal as to Finkbohner should be affirmed, for the reason that the complaint does not state facts sufficient to constitute a cause of action. It is true that under the decision of this court in *Buckman* v. *Hatch,* 139 Cal. 53, the complaint was fatally defective, in that it apparently showed that the resolution of intention for the doing of the street work for which the assessment was made did not specify the materials to be used in the construction of certain proposed culverts.

Such an objection to a complaint is not, however, available on a motion to dismiss an action, and cannot be considered on this appeal as tending to sustain the ruling of the court below. It is impossible for this court to say that the resolution of intention is correctly alleged, and it may be that the complaint can be amended so as to state a cause of action, and that the plaintiff should be allowed to amend.

Upon the going down of the cause, said defendant will of course be entitled to appear by his regularly authorized attorneys.

The judgment of dismissal and the order of dismissal of March 12, 1900, as to the defendant Finkbohner are reversed and the cause remanded.

Shaw, J., and Van Dyke, J., concurred.

A petition for a hearing in Bank having been made, the following opinion was rendered thereon on the 16th of November, 1903:—

ANGELLOTTI, J.—The petition for a rehearing is denied. In denying the rehearing it is proper to further say that inasmuch as the order of the trial court refusing to set aside the stipulation was not appealable, and is reviewable only upon appeal from a final judgment against Finkbohner, we know of no reason why said defendant may not renew his motion to set aside the stipulation.

Shaw, J., Van Dyke, J., Beatty, C. J., and Lorigan, J., concurred.