SUCESSORS OF JOSÉ MARTÍNEZ, PLAINTIFFS AND RESPONDENTS, *v.* TOMÁS DÁVILA & Co., DEFENDANTS AND APPELLANTS.

APPEAL from a Decision of the District Court of San Juan, Section 2, Granting a New Trial in an Action of Debt.

No. 1137.—Decided June 23, 1914.

APPEAL—NEW TRIAL—JUDGMENT ROLL.—In accordance with sections 301 and 225 of the Code of Civil Procedure, the judgment roll is an indispensable part of the transcript of the record in an appeal from an order granting or refusing a new trial and when the judgment roll is omitted the appeal will be dismissed.

The facts are stated in the opinion.
*Messrs. Bosch & Soto* for the respondents.
*Mr. Cayetano Coll y Cuchí* for the appellants.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal from an order of the District Court of San Juan, Section 2, granting a new trial in the above-entitled case.

A transcript of the record containing copies of the following papers has been brought up to this court for the purpose of the appeal, namely, (*a*) a notice of the plaintiff expressing his intention of moving for a new trial on the ground of accident or surprise which ordinary prudence could not foresee, which motion would be based upon affidavits, copies of which would be served on the adverse party in due time and filed in the court within the time fixed by law; (*b*) a motion for a new trial on the ground already stated, *i. e.*, that during the trial of the case the plaintiff introduced witnesses and statements of account to prove his claim, which evidence was objected to by the defendant on the ground that the account books constituted the necessary and exclusive evidence of the debt sued for. The court overruled the objection and admitted the evidence offered, thus leading the plaintiff to believe that it was not necessary to introduce said books, they feeling assured that in consonance with its ruling the court would not dismiss the complaint for lack of that evidence as it did later; (*c*) two affidavits tending to prove the fact on which the alleged surprise was based; (*d*) an order of the court of March 6 of the present year sustaining the motion for a new trial; (*e*) a notice by the plaintiff appealing from the foregoing order to this court; (*f*) a certificate of the secretary of the lower court to the effect that the record consists of true and exact copies of all the pleadings, orders, and papers used in the motion for a new trial.

We understand that the transcript brought up does not contain all the documents necessary for a decision of the appeal. Let us see.

Section 301 of the Code of Civil Procedure provides that on an appeal from an order granting or refusing a new trial the appellant must furnish the appellate court with a copy of the notice of appeal, of the order appealed from and of

the papers designated in section 225 of the said code. And said section 225 provides that the judgment roll and the affidavits, or the records and files in the action, or bill of exceptions, or statement, as the case may be, used on the hearing, with a copy of the order made, shall constitute the record to be used on appeal from the order granting or refusing a new trial, unless the motion be based on the minutes of the court, and in that case the judgment roll and a statement to be subsequently prepared, with a copy of the order, shall constitute the record on appeal.

Section 233 specifies what documents constitute the judgment roll which, except in cases of default, are the pleadings, a copy of the findings of the court, or referee, all bills of exceptions taken and filed and a copy of any order made on demurrer or relating to a change of parties, and a copy of the judgment.

Considering the provisions of sections 225 and 301 of the Code of Civil Procedure together and in relation to one another, there is not the least doubt that the judgment roll forms a part of the record which must serve as a basis for the decision of the appeal from an order granting or refusing a new trial. This court so decided in the case of *Pérez et al* v. *Romano et al.*, 18 P. R. R., 312, in which the respondent filed a motion to strike from the record the complaint, the answer, the findings of the court and the judgment on the ground that in an appeal from an order refusing a new trial the judgment roll should not be included in the record. "To enable the court," we then said, "to know what were the issues between the parties it is indispensable that the pleadings, findings and judgment should be certified to us. This follows from the provisions of section 225 of the Code of Civil Procedure. The decisions of California point to the same conclusion. *Mendocino Co.* v. *Peters*, 82 Pac. Rep., 1122; *Kimple* v. *Conway*, 69 Cal., 71, 73." See also the case of *Louiel* v. *Vázquez*, 19 P. R. R., 594.

The appellant has failed to include a copy of the judg-

ment roll in the record, thus violating sections 225 and 301 of the Code of Civil Procedure and therefore incurring the penalty provided for in section 303 to the effect that if the appellant fail to furnish the required papers, the appeal may be dismissed.

The appeal from the order of the District Court of San Juan, Section 2, of March 6, last, should be dismissed.

*Appeal dismissed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.