SUCESORES DE JOSÉ MARTÍNEZ, DEMANDANTES Y APELADOS, *v.* TÓMÁS DÁVILA & Co., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., contra resolución concediendo un nuevo juicio en un caso sobre cobro de una cantidad de dinero.

No. 1137.—Resuelto en junio 23, 1914.

NUEVO JUICIO—LEGAJO DE LA SENTENCIA—DESESTIMACIÓN DE APELACIÓN.—De acuerdo con el artículo 301 del Código de Enjuiciamiento Civil en relación con el 225 del mismo Código, el legajo de la sentencia es parte indispensable de la transcripción de autos en una apelación contra orden concediendo o denegando un nuevo juicio, y cuando se omite dicho legajo procede la desestimación de la apelación.

Los hechos están expresados en la opinión.

Abogados de los apelados: *Sres. Bosch y Soto.*

Abogado de los apelantes: *Sr. Cay. Coll Cuchí.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de resolver un recurso de apelación contra orden de la Corte de Distrito de San Juan, Sección 2ª., concediendo un nuevo juicio en el caso arriba expresado.

Ha venido a esta Corte Suprema para la decisión del recurso, una transcripción de autos en que aparecen copiados

los siguientes documentos: (*a*) escrito de la parte demandante manifestando su propósito de solicitar un nuevo juicio por el fundamento de accidente o sorpresa que la ordinaria prudencia no pudo prevenir, cuya solicitud se basaría en *affidavits* de que oportunamente se daría copia a la parte contraria y serían presentados a la corte dentro del término legal; (*b*) moción de nuevo juicio por la causa ya expresada, consistente ésta en que durante el juicio del caso la parte demandante presentó testigos y extractos de cuentas para probar su reclamación, a cuya prueba se opuso la parte demandada porque los libros mercantiles eran los que habían de constituir prueba necesaria y exclusiva de la deuda reclamada, objeción que desestimó la corte, admitiendo la prueba propuesta, y dando así lugar a que el demandante estimara innecesaria la presentación de tales libros en la seguridad de que la corte, congruente con su decisión, no desestimaría la demanda como luego la desestimó por falta de esa prueba; (*c*) dos *affidavits* tendentes a comprobar el hecho determinante de la sorpresa alegada; (*d*) orden de la corte de 6 de marzo del corriente año declarando con lugar la moción de nuevo juicio; (*e*) escrito de la parte demandada apelando de la orden antedicha para ante esta Corte Suprema; (*f*) certificación del secretario de la corte inferior haciendo constar que el récord está constituído por una copia literal y exacta de todas las alegaciones, órdenes y documentos usados en la moción de nuevo juicio.

Entendemos que la transcripción presentada no contiene todos los documentos necesarios para la decisión del recurso. Veámoslo.

El artículo 301 del Código de Enjuiciamiento Civil ordena que en la apelación contra una providencia concediendo o denegando un nuevo juicio, el apelante deberá presentar a la corte de apelación, una copia de la notificación del recurso interpuesto, de la providencia apelada, y de los documentos indicados en el artículo 225 de dicho código. Y ese artículo 225 estatuye que el legajo de la sentencia y las declaraciones

escritas y juradas, o los autos y legajos del pleito, o el pliego
de excepciones o la exposición, según el caso, que se hubie-
ran utilizado en la vista, con una copia de la resolución dic-
tada, constituirán el récord que ha de ser usado en la apela-
ción de una orden concediendo o denegando un nuevo juicio,
a menos que la moción se hubiere hecho fundándose en las
minutas de la corte, en cuyo caso el legajo de la sentencia, una
exposición que se hará al efecto, y la copia de la resolución
. impugnada, constituirán los autos para la apelación.

El artículo 233 define cuales son los documentos que cons-
tituyen el legajo de la sentencia que, fuera del caso de rebel-
día, son las alegaciones, copia de la decisión de la corte o
árbitro, todos los pliegos de excepciones formulados y pre-
sentados, y copia de cualquiera resolución recaída respecto
de alguna excepción previa o referente a un cambio o sustitu-
ción de partes, y copia de la sentencia.

Relacionados y combinados los preceptos de los artículos
225 y 301 del Código de Enjuiciamiento Civil, no hay la menor
duda de que el legajo de la sentencia forma parte del récord
que ha de servir para la decisión del recurso de apelación
contra orden concediendo o denegando un nuevo juicio. Así
lo decidió esta Corte Suprema al conocer en el caso de *Pérez
et al.* v. *Romano et al.*, 18 D. P. R., 318, de una moción de la
parte apelada para que se eliminara del récord la demanda,
contestación, conclusiones de la corte y la sentencia, por el
fundamento de que en una apelación contra orden denega-
toria de nuevo juicio no debía incluirse en los autos el legajo
de la sentencia. "Para que la corte" dijimos entonces,
"pueda estar en condiciones de conocer cuáles fueron las
cuestiones propuestas por las partes, se hace necesario que
las alegaciones, conclusiones de la Corte y sentencia se nos
remitan con la correspondiente certificación. Esto debe ha-
cerse de conformidad con las disposiciones del artículo 225
del Código de Enjuiciamiento Civil. Las sentencias de Cali-
fornia se pronuncian en igual sentido. *Mendocino Co.* v.
*Peters,* 82 Pac. Rep., 1122; *Kimple* v. *Conway,* 69 Cal., 71,

73.'' Véase además el caso de *Louiel* v. *Vázquez*, 19 D. P. R., 623.

La parte apelante ha dejado de incluir en el récord, copia del legajo de la sentencia, infringiendo así los artículos 225 y 301 del Código de Enjuiciamiento Civil, e incurriendo por tanto en la sanción que marca el artículo 303 preceptivo de que si el apelante dejare de presentar los documentos requeridos para resolver el recurso de apelación, éste debe ser desestimado.

Procede desestimar la apelación contra la orden de la Corte de Distrito de San Juan, Sección 2ª., de 6 de marzo del corriente año.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.