[Civ. No. 1762. Second Appellate District.—December 8, 1915.]

THOMAS COMMINS, Trustee of Canadian Crude Oil Company, Limited (a Corporation), a Bankrupt, Appellant, v. GUARANTY OIL COMPANY (a Corporation), Respondent.

NONSUIT — ORDER FOR FINAL — ENTRY IN MINUTES — CONSTRUCTION OF SECTION 581, CODE OF CIVIL PROCEDURE—APPEAL.—Since the amendment of 1897 to section 581 of the Code of Civil Procedure, the entry of an order granting a nonsuit in the minutes of the court is sufficient, and it need not be entered in the judgment-book at all; and such order so entered is a final judgment in the sense used in section 939 of the Code of Civil Procedure, providing for appeals.

ID.—LEASE—AGREEMENT FOR QUIET POSSESSION—ACTION TO QUIET TITLE—ABANDONMENT OF POSSESSION—ACTION FOR DAMAGES.— Where a lease of land for the development of oil provided that the lessor should protect the lessee against the claim of any party in any contest arising over the ownership, this provision shows that the lessee did not rely upon any implied covenant for quiet possession, and the latter was not justified in vacating the property be-

cause suit was brought by a third party to quiet title, and in an action for damages against the lessor to assert the claim that he was evicted thereby,—it not being shown that plaintiff's possession was the subject of a direct attack or interference, and there being no showing of any breach of the express agreement to protect the plaintiff against claims of ownership.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Collier & Clark, for Appellant.

Weaver, McCracken & McKee, for Respondent.

JAMES, J.—The plaintiff in this action, at the conclusion of the testimony introduced in support of his main case, was nonsuited.  An appeal was taken from the order granting the motion of nonsuit, the record of which order or judgment appeared only in the minutes of the court.

It is first claimed by the respondent that the order granting the motion for a nonsuit, not being followed by a formal judgment of dismissal, was not a final judgment in the sense that that term is used in section 939 of the Code of Civil Procedure, providing for appeals.   Section 581 of the Code of Civil Procedure provides that: "An action may be dismissed, or a judgment of nonsuit entered, in the following cases: . . . 5. By the court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the jury. The dismissals mentioned in subdivisions . . . and 5 of this section must be made by orders of the court entered upon the minutes thereof, and are effective for all purposes when so entered, . . ."   In the case of *Kimple* v. *Conway,* 69 Cal. 71, [10 Pac. 189], it was held that no appeal was allowed from an order granting a motion for a nonsuit; nor from a judgment of nonsuit.  In that case, however, it was not finally affirmed that a judgment of nonsuit might not, by being entered in the judgment-book, become a final judgment from which an appeal might be taken.   However, at the time that decision was rendered section 581 did not contain the provision which was inserted in 1897, making an entry upon the minutes of the court of the orders or judgments sufficient for all purposes.  It would seem, under the present state of the law,

that none of the orders or judgments provided to be made by section 581 of the Code of Civil Procedure need be entered in the judgment-book at all or appear in any record except that containing the minutes of the court. This conclusion is sustained by the decisions of *Matthai* v. *Kennedy,* 148 Cal. 699, [84 Pac. 37], and *Pacific Paving Co.* v. *Vizelich,* 141 Cal. 4, [74 Pac. 352]. We do not believe that a formal judgment of dismissal must follow the order or judgment of nonsuit, for the judgment of nonsuit in itself constitutes a dismissal of the action. It seems clearly to have been so considered in defining it in section 581 of the Code of Civil Procedure, which refers particularly to dismissals or the discontinuing of actions.

The motion for a judgment of nonsuit was properly granted, in our opinion, because the plaintiff's evidence did not establish his right to the relief sought. Thomas Commins, the plaintiff, appears as the trustee of the Canadian Crude Oil Company, a bankrupt, and hereinafter, for brevity's sake, we will refer to that corporation as the plaintiff. The evidence introduced on behalf of the plaintiff showed that the defendant, in April, 1911, entered into an agreement with the plaintiff whereby the defendant let to the plaintiff, for a period of twenty years, twenty acres of land in Kern County, California. Conditions of the agreement of lease provided that the plaintiff should develop oil on the land and render unto the defendant a certain proportion of the gross amount of the product in payment for such use. The plaintiff took possession of the land, proceeded with the work of developing oil thereon, and continued in that possession until November 1, 1911, when it abandoned the property. The abandonment was made because of an alleged eviction suffered at the hands of the owner of paramount title. This suit was brought to recover as damages all of the money expended upon the property (amounting to more than thirty-five thousand dollars), together with other sums claimed to have been laid out incidental to the making of the contract engagement. The evidence showed that about the middle of the year 1910 the defendant had contracted with the Lucky Boy Oil Company to purchase a large tract of land from the latter, of which the twenty acres so leased to plaintiff were a part; that the contract of purchase provided for installment payments to be made; that prior to the making of the lease to plaintiff, de-

fendant was in default under its contract of purchase, and that in June following the making of the plaintiff's lease, the Lucky Boy Oil Company brought a suit to quiet its title as against the contract of purchase held by the defendant. What became of this suit to quiet title cannot be told from the record. It is suggested in respondent's brief that it was dismissed, but the testimony of the attorney for the Lucky Boy Oil Company was to the effect that at the time of this trial the action was still pending and untried. It is the contention of the plaintiff that the evidence was sufficient to show that it entered upon the property under a covenant of quiet possession, and that when the action to quiet title was commenced and it was made to appear that the Lucky Boy Oil Company possessed the paramount title and right to possession, an eviction was worked which entitled plaintiff to its damages. Very important to a consideration of this question is a certain term of the lease made by the defendant with the plaintiff. It was therein provided as follows: ''The first party (the defendant) agrees to protect the second party against the claims of any party or parties, should any contests ever arise as to the ownership of the same.'' By this term in the agreement it may be assumed that the parties considered the matter of possible claims or contests arising to disturb the possession of the lessee. Nowhere in the complaint is it stated or intimated that any fraud was practiced upon the plaintiff by the defendant, and the evidence does not show that any false representations were made as to the quality of defendant's title to the land. The situation was, as expressed by the evidence, that the plaintiff was willing to accept the lease made to it by the defendant, resting for its security upon that term of the agreement which made the lessor bound to protect the lessee in possession against the claims of other persons. Clearly, it would seem to follow by every fair inference that the plaintiff was not relying upon any implied covenants, but rather upon the specific and express terms of the agreement held by it. Under such a condition of the contract and the evidence, was the plaintiff justified in vacating the property after suit was brought to quiet title and assert the claim that it was evicted thereby? We think not. It is not shown but that the defendant at the time of this trial still possessed at least an equitable interest in the land, and it was not shown that it would not, or could not, in some way protect the pos-

session of its tenant. This possession had not been the subject of direct attack or interference, for it was shown that, notwithstanding the suit to quiet title of the Lucky Boy Oil Company was brought in June, 1911, the plaintiff remained in possession and continued to operate the property until November of the same year. One of its managing officers, when asked whether it was not a fact that work was stopped because of the lack of funds, responded in the affirmative. There are authorities holding that, even conceding an eviction of the tenant might have followed the bringing of the action to quiet title by the owner of the paramount title, the right to take advantage of such eviction may be waived by the tenant remaining in possession. However, our conclusions do not involve any application of the holding made by such decisions. Respondent has all along contended that the agreement which we have called a lease did not amount to such, but we think that it should properly be so termed. Any matter of mere form or designation which the parties may give to a document will not change its legal effect. In order that plaintiff might make a case sufficient against a motion for judgment of nonsuit, we think that it should have shown a breach of the express term of the contract which bound the defendant to protect it in possession. It voluntarily gave up possession; abandoned the property, and did that, too, without there being any judgment declaring the rights of the Lucky Boy Oil Company or foreclosing the interest of the defendant.

The view we have taken of the main question makes it unnecessary to consider or discuss the objections urged as to the admission and rejection of testimony.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 5, 1916.