CAMACHO, PLAINTIFF AND APPELLANT, *v.* ORTIZ ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action for the Annulment of a Deed, Etc.

No. 2510—Decided December 14, 1922.

ABANDONMENT OF ACTION — JUDGMENT OF NONSUIT — DILIGENCE — EXTENUATING CIRCUMSTANCES—JUDICIAL NOTICE.—The spirit and intention of section 192 of the Code of Civil Procedure are to encourage diligence in the prosecution of an action and to protect the defendant against any unnecessary delay due to an apparent and unexplained delinquency in this regard, but not, in the face of extenuating or exculpatory circumstances appearing upon the record or within the knowledge of court and counsel, to punish each and every plaintiff who, by reason of events beyond his control, may be so unfortunate as to fall within the letter of the law.

The facts are stated in the opinion.

*Messrs. M. Del Toro Colberg* and *F. Amado Rivera* for the appellant.

*Mr. P. Fajardo Martínez* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The fourth amended complaint herein was filed on September 13, 1919.

The answer thereto was subscribed and sworn to on February 17, 1920, according to a certified copy thereof furnished by appellees. The date of filing does not appear.

On February 4, 1921, the day before that set for the trial,

plaintiff moved for a continuance on the ground, said to be a matter of public notoriety and within the knowledge of counsel for defendants, that the attorney of record for plaintiff was ill, suffering from pneumonia following a surgical operation upon the bladder, and unable to appear.

An entry from the minutes recites that on April 28th of the same year the case having been set for trial on that day came on to be heard, and one of the defendants having appeared by his attorney, and plaintiff not having appeared, a dismissal of the action was demanded on the ground of abandonment thereof by plaintiff.

The court took the matter under advisement and on the following day entered a judgment of dismissal with costs to defendants, citing section 192 of the Code of Civil Procedure, which provides, among other things, that an action may be dismissed by the court "when the plaintiff fails to appear at the trial and the defendant appears and asks for the dismissal."

The notice of appeal, filed shortly before the expiration of the statutory period, states that plaintiff never received the notice of judgment said to have been sent by mail, that she had never been notified of the second setting of the case for trial, that her attorney of record had departed this life on the eve of the day first fixed and postponed as aforesaid and that plaintiff had had no opportunity to employ other counsel. Technically, of course, this is not the proper method of presenting these facts, but in the absence of any objection on this ground the failure to receive the notice of judgment may be regarded as a sufficient excuse for the omission, if it be an omission, to apply to the court below for relief under section 140 of the Code of Civil Procedure before perfecting an appeal.

In any event, were it necessary to the ends of substantial justice this court might take judicial knowledge of the death of the attorney referred to and the date thereof as disclosed

by our own records. Certainly it is not unreasonable to assume that in a town the size of Mayagüez both counsel for defendants and the trial judge must have been aware at the time of dimissal that counsel for plaintiff, an attorney in active practice before the district court, had died within a few hours after the filing of the motion for a postponement of the trial. Even otherwise, the serious condition disclosed by the motion, of which the court below itself took judicial notice in acting thereon without requiring a medical certificate or other evidence thereof, was enough to put both court and counsel upon inquiry. Assuming for the sake of argument that the answer was filed at the time it was verified, the situation developed within three months before the motion to dismiss was made suffices to overthrow any presumption of abandonment based upon mere failure to appear at the trial after a year had elapsed from the time when issue was joined.

With reference to the correlative provision of the California Code it has been said that:

"This section was designed for the benefit of defendants, to relieve them from the assertion of stale demands, and to insure proper diligence in the prosecution of asserted claims (Pacific Paving Co. v. Vizelich, 141 Cal. 4: 74 Pac. 352)." Fairall's Code of Civil Procedure, Part One, page 617.

This is in full harmony with the general principle announced in the following elementary text:

"An action may be dismissed or a nonsuit granted for the failure of plaintiff to prosecute it with due diligence, although the statute of limitations will bar another suit, unless he presents a sufficient excuse for his failure to prosecute * * *.

"Within the rule just stated, an action is properly dismissed for want of prosecution, there being no counterclaim or cross action, where plaintiff fails to appear in person or by counsel when his case is called in its order for trial." 18 C. J., pages 1191 and 1192, sections 110 and 111.

And under a note entitled "Reason for Rule" we find a quotation from *Smith* v. *Faris-Kesl Construction Company*, 27 Idaho, 407, 427, where the court said:

"Lapse of time alone is not sufficient to justify a dismissal of the action. In cases of this kind, when a defense of laches is sustained it is upon the theory that the delay, taken with other circumstances in the case, is satisfactory evidence that the cause of action has been abandoned, or that it resulted in injury to someone not responsible for the delay, and where this theory, or presumption, is overcome by other facts and circumstances, the defense should not prevail.

"Laches has been defined in 18 Am. & Eng. Ency. Law, 2d ed., 97, as follows: 'Laches is such neglect or omission to assert a right as, taken in conjunction with the lapse of time more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity.'

"A part of the syllabus in case of Coles v. Ballard, 78 Va. 139, is as follows:

" 'Laches is the neglect to do something which a party ought to do, and a mere lapse of time, unaccompanied by some circumstance affording evidence of a presumption that the right has been abandoned, is not considered laches.' "

*The Estate of Dean,* 149 Cal. 487, although distinguishable in many respects from the case at bar, may be mentioned in passing as indicating the extent to which an appellate court will go in order to prevent any injustice resulting from a literal interpretation and rigid application of the statutory provision in question.

Thus, we gather that the spirit and intention of section 192 of our Code is to encourage diligence in the prosecution of an action and to protect the defendant against any unnecessary delay due to an apparent and unexplained delinquency in this regard, but not, in the face of extenuating or exculpatory circumstances appearing upon the record or within the knowledge of court and counsel, to punish each and every plaintiff who by reason of events beyond his con-

trol may be so unfortunate as to fall within the letter of the law.

All things considered we are constrained to hold that the court below erred in dismissing the action without actual notice to plaintiff, and, therefore, that the judgment appealed from must be

*Reserved.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.