CAMACHO, DEMANDANTE Y APELANTE, *v.* ORTIZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre nulidad de escritura y cancelación, etc.

No. 2510.—Resuelto en diciembre 14, 1922.

ABANDONO DE ACCIÓN—SENTENCIA DE SOBRESEIMIENTO (*Nonsuit*)—CONOCIMIENTO JUDICIAL.—El espíritu del artículo 192 del Código de Enjuiciamiento Civil es estimular la diligencia en la prosecución de los pleitos y proteger a un demandado contra cualquier demora innecesaria determinada por una aparente e inexplicable morosidad en dicha gestión, pero no es su propósito castigar a todo demandante que por razón de sucesos ajenos a su voluntad tenga la desgracia de caer dentro de la letra de la ley, ante las circunstancias atenuantes o justificativas que aparezcan de los autos o sean del conocimiento de la corte y de los abogados.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. M. del Toro Colberg y P. Amado Rivera.*

Abogado de los apelados: *Sr. P. Fajardo Mártínez.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La cuarta demanda enmendada en este caso fué radicada en 13 de septiembre de 1919.

La contestación a dicha demanda fué suscrita y jurada en febrero 17, 1920, según aparece de una copia certificada de la misma, presentada por los apelados. No consta la fecha de su radicación.

En febrero 4, 1921, o sea, el día anterior al señalado para la celebración del juicio, la demandante solicitó la suspensión de la vista alegando que era de conocimiento público y lo sabía también el abogado de los demandados que el abogado de récord de la demandante se encontraba enfermo, atacado de pulmonía luego de haber sufrido una operación quirúrgica en la vejiga y, por tanto, estaba impedido de comparecer a la vista.

Aparece de una notación hecha en el libro de minutas que en abril 28 del mismo año habiendo sido señalado el caso para la celebración de la vista en ese día fué llamado; que compareció uno de los demandados por medio de su abogado, y no habiendo comparecido la demandante se solicitó de la corte se tuviera por desistida a la demandante de su acción por abandono de la misma.

La corte se reservó su resolución dictando al siguiente día sentencia de desistimiento, con las costas a favor de los demandados, citando el artículo 192 del Código de Enjuiciamiento Civil, el cual prescribe entre otros particulares, que podrá declararse abandonada una demanda por la corte "cuando el demandante deja de comparecer en el juicio, y compareciendo el demandado pide que se declare a aquél por desistido."

El escrito de apelación que fué archivado poco antes de vencer el término prescrito en la ley, expresa que la demandante nunca recibió la notificación de la sentencia que se dice fué hecha por correo; que la demandante jamás fué notifi-

cada del segundo señalamiento del caso para su vista; que su abogado defensor había fallecido en vísperas del día fijado primeramente y luego pospuesto como queda dicho y que la demandante no había tenido oportunidad de proveerse de otro abogado. Desde luego que técnicamente no es éste el medio adecuado de presentar estos hechos pero a falta de objeción por este fundamento el hecho de no recibir la notificación de la sentencia puede considerarse como excusa suficiente de la omisión, si lo es, de acudir a la corte inferior en solicitud de un remedio de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil antes de perfeccionarse una apelación.

De todos modos si fuera necesario para los fines de justicia substancial esta corte podría tomar conocimiento judicial respecto al fallecimiento del abogado a quien se ha hecho referencia y de su fecha, según lo revelan nuestros records. Ciertamente que no es irrazonable suponer que en una ciudad de la capacidad de Mayagüez tanto el abogado de los demandados como el juez sentenciador deben haber tenido conocimiento a la fecha del desestimiento de la acción de que el abogado de la demandante, que ejercía su profesión ante la corte de distrito había fallecido pocas horas después de radicada la moción para la suspensión de la vista. Aún siendo de otro modo, la seria condición revelada en la moción de la cual la misma corte inferior tomó conocimiento judicial al resolverla sin exigir una certificación facultativa u otra prueba en cuanto a ella era suficiente para hacer que tanto la corte como el abogado procedieran a investigar. Aceptando en pro del argumento que la contestación se presentó al ser jurada, la situación desarrollada en los tres meses antes de hacerse la moción para que se tuviera por desistida a la demandante, es bastante para destruir cualquier presunción de abandono fundada en la mera incomparescencia al juicio después de transcurrido un año de suscitada la contienda litigiosa.

Con respecto al precepto correlativo del código de California se ha dicho lo siguiente:

"El fin de esta sección fué favorecer a los demandados, librarlos del establecimiento de viejas reclamaciones y garantizar la debida diligencia en la tramitación de las acciones ejercitadas (Pacific Paving Co. v. Vizelich, 141 Cal. 4: 74 Pac. 352)." Código de Enjuiciamiento Civil de Fairall, Parte I, página 617.

Esto está en perfecta armonía con el principio general enunciado en el siguiente texto elemental:

"Una acción puede declararse abandonada o decretarse su sobreseimiento por dejar el demandante de seguir tramitándola con la debida diligencia, si bien el estatuto de prescripción impedirá otra acción, a menos que dicho demandante presente suficiente excusa por no seguir la tramitación.  *  *  *

"Dentro de la regla que acaba de citarse puede declararse propiamente abandonada una acción por dejar de seguir tramitándola, no habiendo contrademanda o contrarréplica cuando el demandante no comparece en persona o por medio de abogado al ser llamado su caso por su orden para juicio." 18 C. J. páginas 1191 y 1192, secciones 110 y 111.

Y en una nota bajo el epígrafe "Razón de la Regla" encontramos una cita del caso de *Smith* v. *Faris-Kesl Construction Company*, 27 Idaho, 407, 427, donde la corte se expresó en los siguientes términos:

"El lapso de tiempo solamente no es suficiente para justificar el declarar abandonada una acción.  En casos como éste, cuando una defensa de abandono se sostiene, es fundada en la teoría de que la demora, considerada con otras circunstancias del caso, es prueba satisfactoria de que ha sido abandonada la causa de acción, o que resultaba en perjuicio de alguien que no era responsable de la demora, y cuando esta teoría o presunción se destruye por otros hechos y circunstancias, no debe prevalecer la defensa.

"El abandono ha sido definido en el tomo 18 de American & English Encyclopaedia of Law, 2ª. edición, pág. 97, como sigue: 'Abandono es aquel descuido u omisión en ejercitar un derecho que, considerado en unión del lapso de tiempo más o menos grande y

otras circunstancias que causan perjuicio a una parte contraria, produce el efecto de un impedimento en una corte de equidad.'

"La siguiente es una parte del sumario del caso de Coles v. Ballard, 78 Va. 139, a saber:

"Abandono es el descuido en hacer algo que una parte debe hacer, y el mero lapso de tiempo sin ir acompañado de alguna circunstancia que suministre prueba de una presunción de que el derecho ha sido abandonado no se considera abandono."

El caso de Estate of Dean, 149 Cal. 487, si bien se diferencia en muchos particulares del presente caso, puede citarse de paso para indicar hasta qué punto considerará la cuestión una corte de apelación a fin de evitar cualquier injusticia que pueda resultar de una interpretación literal y estricta aplicación del precepto estatutorio en cuestión.

Creemos, por tanto, que el espíritu e intención del artículo 192 de nuestro código es estimular la diligencia en la tramitación de una acción y proteger al demandado contra toda demora innecesaria debida a una falta aparente e inexplicable en este sentido, pero no, ante las circunstancias atenuantes o excusables que aparecen de los autos o que son conocidas de la corte y los abogados castigar a todo demandante que por circunstancias que están fuera de su dominio pueda ser tan infortunado que quede comprendido en el texto de la ley.

Consideradas todas las circunstancias nos vemos obligados a resolver que la corte inferior incurrió en error al declarar por abandonada la acción sin hacerse la verdadera notificación a la demandante, y por tanto, que debe revocarse la sentencia apelada.

> *Revocada la sentencia y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.