[Civ. No. 18350.   Second Dist., Div. Three.   Dec. 27, 1951.]

AILEEN FLAVEN GARDNER, Appellant, v. C. B. HORRALL, as Chief of Police etc., et al., Respondents.

Marshall Stimson, Noel Edwards and Charles Murstein for Appellant.

Ray L. Chesebro, City Attorney, and Bourke Jones, Assistant City Attorney, for Respondents.

SHINN, P. J.—Aileen Gardner appeals from a judgment dismissing her action for false imprisonment. The sole question presented is whether the court abused its discretion when it struck out on motion of defendants an amended complaint filed 10 months after demurrers had been sustained with leave to amend within 30 days.

On December 21, 1948, plaintiff filed a complaint for false imprisonment against Los Angeles Police Chief Horrall and two policemen, Reid and MacClendon. Defendants demurred on July 8, 1949. On July 15th the parties stipulated in writing that the demurrers of the defendants be sustained with 30 days to amend, and a minute order to this effect was entered July 21, 1949. Plaintiff did not file an amended complaint until nine months thereafter. On April 24, 1950, defendants noticed a motion to dismiss the action under section 581(3) of the Code of Civil Procedure (failure to amend within time allowed). On May 1st by stipulation this motion was ordered off calendar. An amended complaint was filed May 17, and general demurrers to this complaint were filed May 29, accompanied by a notice of motion to strike the amended complaint. Defendants' motions to restore to calendar the motion to dismiss the action, the motion to dismiss, itself, and the motion to strike the amended complaint, came on for hearing and were granted and the demurrers ordered off calendar. A motion by plaintiff for permission to refile the amended complaint was denied at the same time. Plaintiff appeals from the order of dismissal, which constitutes a "final judgment." (*Commins* v. *Guaranty Oil Co.*, 29 Cal. App. 139 [154 P. 882]; *Southern Pac. Co.* v. *Willett*, 216 Cal. 387 [14 P.2d 526].)

Appellant contends that in view of the established policy which favors trials on the merits it was an abuse of discretion for the court to dismiss the action, inasmuch as the neglect of counsel, if any, was excusable. In his affidavit, Mr. Ed-

wards, one of the attorneys for appellant, stated that he was ill at the time the demurrers were sustained and it was orally agreed between Deputy City Attorney Feldmeier and himself that, if necessary, appellant might take more than 30 days to file the amended complaint; that Mr. Feldmeier stated that the city attorney's office was not interested in the amount of time taken to amend the complaint and that no advantage would be taken of plaintiff.

The motion to dismiss was heard on affidavits. Mr. Feldmeier filed no affidavit, and the court had before it only the affidavit of Mr. Edwards and counteraffidavits of Mr. Wilson, a deputy city attorney, who averred that Mr. Feldmeier had stated that he had no recollection of having given an oral extension of time. The case came to Mr. Wilson from Mr. Feldmeier with a notation to move for a dismissal if the complaint were not amended within the 30-day period. Mr. Wilson waited for some eight months before moving for a dismissal.

We cannot decide the question before us upon the assumption that the court disbelieved the statements of Mr. Edwards' affidavit. The very circumstance of the delay indicated that he was relying upon some arrangement which he believed would protect his client. For all the court knew it may have been the intention of Mr. Feldmeier to warn Mr. Edwards before he took any adverse action. The fact that Mr. Feldmeier made no notation in his file of an oral agreement is understandable in view of his inability to remember whether he had made the arrangement claimed by Mr. Edwards. It was to be presumed that all parties were acting in good faith, and the trial court no doubt believed they were. Certainly Mr. Wilson was indulgent in waiting so long before taking any action. It is clear from the record that he had no knowledge of an oral stipulation.

The facts of the case are unique but the governing principles are well known to practicing members of the profession. A reputable member of the bar made oath to an oral agreement with a deputy city attorney of equally good standing. In the press of business of his office the latter, eight or nine months later, had no recollection as to whether the oral arrangement had been made. Consequently he properly declined to make an affidavit as to matters not within his recollection. Under these circumstances a finding against the truth of the facts stated under oath would amount to a finding of an attempt to perpetrate a gross fraud upon the court. We are satisfied that under these circumstances the learned

trial judge would not have found fraud and gross violation of professional duty on the part of Mr. Edwards. The question presented therefore is one of law. It may be stated as follows: Where, under oral agreement, an attorney has been granted an indefinite extension of time to amend a pleading, with a promise that no advantage will be taken of him, is he justified in believing and relying upon the promise that no adverse action will be taken without prior notification and an opportunity to protect the interests of his client. The question calls for an affirmative answer. Therefore, if through the forgetfulness or inadvertence of his adversary adverse action is taken against the promisee, due regard for the principles which guide the profession in such matters, and the interests of justice, require that relief be granted upon the ground of excusable neglect. But we should emphasize that had Mr. Edwards' affidavit been controverted in material respects the decision of the trial judge would have been final as one based upon conflicting evidence. We do not hold that the long delay in filing an amended complaint was free from neglect. It is only by giving full effect to the evident good faith of the parties that we differ with the trial court upon a question of law, and hold the neglect to have been excusable.

The judgment is reversed.

Wood (Parker), J., and Vallée, J., concurred.