[No. 15712.   In Bank.—September 25, 1894.]

JOHN WALKERLEY ET AL., PETITIONERS, *v.* W. E. GREENE, JUDGE OF THE SUPERIOR COURT, RESPONDENT.

PRACTICE—SETTLEMENT OF BILL OF EXCEPTIONS—FORM OF PETITION.—A petition in the supreme court for a writ of mandate to compel the trial court to settle a bill of exceptions should allege in substance that the proposed bill contained every thing that the petitioner honestly believed it should contain in order to make it a fair and proper draft of a bill such as the statute requires him to prepare.

ID.—DEFECTIVE PETITION CURED BY ANSWER.—Where an alternative writ of mandate is inadvertently issued by the supreme court, on a petition which is defective in this particular, to which the respondent has demurred and answered, the supreme court will not sustain the demurrer and quash the writ if the matters set out in the answer are such as to cure the defects in the petition.

ID.—DECREE OF DISTRIBUTION—FINDINGS AS TO INTENT AND MEANING OF
TESTATOR.—A proposed bill of exceptions to be used on an appeal from
a decree distributing the estate of a testator, which attacks certain find-
ings of the court with respect to the "intention" and "meaning" of the
testator, which findings depend wholly upon the terms of the will and
the recitals it contains, cannot be held insufficient for a failure to set
out the evidence on which the findings are based, if the will is found
and recited in full in the findings and decree.

APPLICATION for a writ of mandate.

The facts are stated in the opinion of the court.

B. B. Newman, for Petitioners.

H. C. Firebaugh, for Respondents.

BEATTY, C. J.—This is an original proceeding by
mandamus to compel settlement of a bill of exceptions.

Petitioners are some of the residuary legatees of Will-
iam Walkerley, deceased, whose will was admitted to
probate in Alameda county in 1887. In 1892 his execu-
tors filed their final account and a petition for distribu-
tion of the estate. In August of that year the final
account was settled, but the matter of distribution was
continued from time to time until November 27, 1893,
at which date a decree of distribution was entered,
which also embraced the settlement of several accounts
filed by the executors supplemental to their final ac-
count. On November 28th, the day following the entry
of this decree, the petitioners appealed therefrom to this
court, and in due time perfected their appeal. By stip-
ulation of parties, their time to prepare a bill of excep-
tions to the decree was extended beyond the 16th of
December, and on that day they served on all the other
interested parties copies of a document entitled in the
cause and bearing the following caption:

" BILL OF EXCEPTIONS.

"On appeal from the decree settling the (so-called)
final account of the executors and distribution of the
estate, made, signed, and filed in the above-entitled
action, matter, and proceeding in said superior court,

CIV. CAL.—14

on November 27, 1893, and which was appealed from
to the supreme court on the twenty-eighth day of Novem-
ber, 1893, by the contestants, Mary S. Doughty and ten
other nieces and nephews of William Walkerley, deceased,
and beneficiaries under his last will."

To this proposed bill of exceptions the attorney for
the executors proposed amendments, but at the same
time he took and reserved the objection that it was not
entitled to settlement because it was a sham and a fraud,.
purposely omitting nearly every thing that it ought to
contain, and false in the matters set forth.  The attor-
ney for the other interested parties, without offering any
amendments to the proposed bill, contented himself
with giving notice of a motion to strike it out upon
similar grounds, viz., that it was false and insufficient
and not proposed in good faith.  Upon this motion and
these objections the proposed bill, the amendments, and
the notice of the petitioners that they refused to accept
said amendments were submitted to the respondent, one
of the judges of the superior court of Alameda county,
who, on March 26, 1894, sustained the motion to strike
out, and dismissed the application of the petitioners for
a settlement of the bill.  Whereupon they filed their
petition here for a writ of mandate.

Upon the filing of this petition an alternative writ
was directed to the respondent, the judge of said court,
who, on the return day, showed cause by answer and
demurrer, in which the executors and some of the lega-
tees unnecessarily joined.

The demurrer to the petition is general and special,
for want of facts and for uncertainty, and the principal
point urged in support of these objections is that it
nowhere appears in the petition that the petitioners
ever presented to the respondent a fair or proper draft
of a bill such as the statute requires them to prepare.
This objection is certainly well founded.  The petition,
though inordinately long, is mainly composed of mat-
ters wholly irrelevant, and contains no allegation in
form or substance that the draft of the bill proposed by

the petitioners (which, it was alleged, embraced numerous exceptions to the findings of fact upon which the decree was based), stated fairly, or at all, the evidence necessary to explain the objections to such findings. The statute (Code Civ. Proc., sec. 648), plainly requires that the bill, when it sets forth exceptions to a verdict or other decision, upon the ground of insufficiency of the evidence to justify it, must state the objection with so much of the evidence or other matter as is necessary to explain it, and no more. But, of course, this ideal bill of exceptions, if it ever should be realized in practice, would probably owe its perfection to the united efforts of the parties and the court, through the means provided by law for amending and correcting the statement first proposed, and these provisions would be superfluous if we were to hold that a party is not entitled to a settlement of his bill unless he puts into it every thing it should contain, and nothing else in the first instance. If a review of the decisions of the superior court could be had only upon such conditions, this court would seldom have occasion to consider the merits of litigated controversies, but would undoubtedly find abundant occupation in trying questions similar to those here involved. The statute, however, does not mean that the party desiring a bill of exceptions must propose a perfect bill in the first draft, or forfeit his right to a review of the decision from which he has appealed. The provisions of section 648 of the Code of Civil Procedure are mainly intended as a guide to the judge in settling the bill, though it also imposes a duty upon the parties. It is undoubtedly the duty of the moving party to proceed in good faith, and to do his proper share of the work involved in the settlement of the bill. He has no right to put off upon the opposite party or the judge the labor of reducing to writing and incorporating by way of amendment statements of evidence and other matters which *he knows* a proper and fair bill of exceptions ought to contain. Nor has he any right to include statements or matters that are

untrue or irrelevant.  A corresponding duty rests upon the opposite party, who has no right to propose amendments which he knows ought not to be allowed.  But although these reciprocal duties of the parties are undoubted, it is not easy to decide in a particular case whether or not they have been consciously and deliberately violated; and it is only in a gross case of palpable and deliberate fraud that the severe penalty of striking out the bill and thus denying the party a hearing upon the merits of his case can be properly imposed.  In *Hearst* v. *Dennison*, 72 Cal. 228, we held that the judge of the superior court was justified in refusing to settle a bill of exceptions, when the draft of the proposed bill was a mere "pretense and fraud," when it was "so grossly untrue or so foreign to the real history of the case as to come within no reasonable meaning of 'a statement of the case' as used in the code."  In *Sansome* v. *Myres*, 77 Cal. 356, this doctrine was perhaps carried even further with respect to a bill of exceptions in a criminal case.  But that decision which was made in overruling a demurrer to the answer of the respondent was somewhat modified by the subsequent decision of the same cause upon the facts reported by the referee who tried the issues.  (See *Sansome* v. *Myres*, 80 Cal. 483.) In effect the right of a judge to strike out or refuse to settle a bill of exceptions was limited to a case of gross and manifest fraud on the part of the one proposing it. Such a case will not often present itself, but cases do arise every day in which there is not only a disagreement of the parties with each other, but an equally radical disagreement between the court and the parties as to what the statement of the case ought to contain. As to what it ought not to contain this court has painful experience of the fact that even settled bills of exceptions are frequently overladen with statements and repetitions of evidence and other matters which serve no purpose except to multiply costs and render more difficult the examination of the vital points of the controversy.  From this general statement of our views it

follows that we cannot hold that a petition for a writ of mandate in a case of this character is fatally defective when it fails to show that the proposed bill of exceptions was absolutely such as a settled statement ought to be, but we do think the petition ought to allege in substance that the proposed bill contained every thing that the petitioner honestly believed it should contain. And if the defects of this petition had not escaped our attention at the time we should not have issued the alternative writ. But having issued it, and the respondent having by his answer presented with great fullness all the facts and grounds upon which his refusal to settle the bill was based, we do not deem it necessary or proper now to sustain the demurrer and quash the writ merely in order, by the filing of an amended petition and the issuance of a new writ, to get finally to an issue which is as completely joined as it ever could be joined in the most orderly procedure. On the contrary, we think that under the circumstances the proper course to pursue is to treat the answer as a waiver of the demurrer. And this brings us to the question whether there is any material issue made by the pleadings, or, in other words, whether the matters set out in the answer do not cure the defect in the petition.

The petition is, as we have said, inordinately long, and the answer is correspondingly voluminous, made so by the careful denial of most of the immaterial allegations of the petition. It also has attached as exhibits copies of the proposed bill of exceptions of the amendments proposed by the executors, of the motion of certain legatees to strike out the proposed bill and of the order of the respondent sustaining said motion. In response to this answer the petitioners file another formidable document in the nature of a replication, closing with a prayer that the matter may be referred to a commissioner to take and report evidence as to the material issues, etc., and that upon the coming in of his report this motion be set down upon the calendar of the court for hearing and further argument, etc., etc.

This prayer suggests a long series of proceedings upon which we should enter with extreme reluctance, even if it were strictly necessary. But we do not deem it necessary. It appears to us that there is a much shorter road to the end of a controversy which, on the line suggested, might, and probably would, protract itself indefinitely to the detriment of all parties interested in the Walkerley estate, not to mention the business of the court and the interests of other suitors.

Taking the admitted allegations of the petition and the allegations of the answer which support the petition, we think facts enough appear to justify us in holding that the refusal of the respondent to settle this bill of exceptions is not justified. The bill as prepared is certainly not a model, and we can well conceive that the task of settling it is one which would severely tax the patience of a busy officer, but we do not think it bears evidence of bad faith and purposed unfairness. Its faults appear, on the contrary, to be due to deficient knowledge of the true office and essential nature of a bill of exceptions, which exhibits itself much more conspicuously in the useless and redundant matter incorporated in the draft than in the comparatively slight omissions of evidence that ought to have been set out.

The decree appealed from was a decree of distribution and settlement of accounts supplemental to the final account of the executors. Besides the recitals of fact contained in the decree proper, it referred to and was partly based upon certain " findings of fact " which were filed with the decree. The petitioners objected to a number of these findings upon the ground that they were not sustained by the evidence, but when we come to look at the findings so objected to we find that they were not in reality, except in two or three instances, findings of fact, but rather conclusions of fact from other facts specifically found, or conclusions of law. As to these objections no evidence was needed, or could be admitted to explain them. And as to the two or three findings strictly of fact, which were questioned,

the evidence to support them, if it existed, could have
been supplied by a very short amendment, which could
have been written out and inserted in far less time than
it must have taken to prepare the order striking out the
proposed bill.

. To be more specific upon this point, we will state that
the will and codicil of William Walkerley, as admitted
to probate in 1887, are found and recited in full in the
findings and decree.  It is then *found* by a number of
successive findings that the testator "intended," and
"meant" a variety of things, and it is these findings as
to the intention and meaning of the testator which are
the principal object of attack in the bill of exceptions
as proposed.  The respondent says in his answer that
the evidence upon which these findings are based was
not set out in the proposed bill.  But what evidence
could there have been of what the testator meant and
intended except the terms of the will and codicil?  Of
course, there may have been some questions as to iden-
tity of the property disposed of, or the number or iden-
tity of legatees, or other latent ambiguities in the will
as to which extraneous evidence was admissible, and
possibly there may have been something in the circum-
stances surrounding the testator at the time the will was
made, of which evidence was admissible for the purpose
of construction, but the findings of intention which the
petitioners have attacked have no possible dependence
upon extraneous evidence.  They depend wholly upon
the terms of the will and the recitals it contains, and
the exceptions to them are in fact nothing but argu-
ments founded upon the terms of the will.

In the careful examination of the proposed bill
which we have made we find but three questions raised
as to real findings of fact: 1. As to the character and
value of the services of the attorney for certain lega-
tees; 2. As to the character and value of the services
of the attorney for the executors; 3. As to the extraor-
dinary services of the executors.

As to these findings it is claimed by petitioners in

their proposed bill that the evidence did not sustain them, and it sets out no evidence on the subject. The respondent says that the evidence amply sustained these findings, and that it was purposely and fraudulently omitted. Possibly it may have been, but from all the facts disclosed we are disposed to take a more charitable view of the matter, and to hold that this omission ought not to deprive the petitioners of a hearing upon the more important questions involved in the appeal. The amount of these items is comparatively trifling, and the amendments proposed by the executors will supply the evidence with no trouble to any one except the petitioners when they come to engross the bill.

The other specifications with a single exception are of errors of law in the conclusions of the court, and neither need nor admit of explanation by evidence. The exception referred to relates to the ruling of the court denying a continuance. The statement of this matter is said to be false. If so, an allowance of the proposed amendment, which is very brief, would have cured it. Upon the whole we think the bill should have been settled. The objection that it was out of time because the parties had only stipulated an extension of time to prepare a bill of exceptions and not a statement of the case is untenable. Equally untenable is the objection to the name or description which the petitioners gave to the bill. We have quoted its caption in the beginning of this opinion, and we think it is entirely sufficient to show what the paper was and to connect it with the notice of appeal.

Let a peremptory writ issue.

FITZGERALD, J., HARRISON, J., VAN FLEET, J., MC-FARLAND, J., and DE HAVEN, J., concurred.