## In re WALKERLY'S ESTATE.

### No. 15,794; September 25, 1894.

37 Pac. 893.

**Appeal—Failure to File Transcript.**—An Appeal will not be Dismissed because of the failure to file a printed transcript of the record in time, where an application is pending to settle the bill of exceptions.

**Appeal—Notice—Service Too Late.**—As No Appeal is Instituted by the service of a notice of appeal after the time to appeal has expired, an order will not be made dismissing such an attempted appeal.

APPEAL from Superior Court, Alameda County; W. E. Greene, Judge.

Accounting by the executors of the will of William Walkerly. Motion to dismiss two appeals. Motion denied.

B. B. Newman for appellant; Rogers & Paterson for the widow; H. C. Firebaugh for respondent; F. G. Whitney for certain beneficiaries.

BEATTY, C. J.—These are motions to dismiss two appeals—one from a decree or order settling the accounts of the executors supplemental to their final account and distributing the estate, which was made and entered November 27, 1893; the other an attempted appeal from an order settling the final account of the executors, which was made and entered in August, 1892. The motion to dismiss the first-mentioned appeal is based upon the alleged failure of the appellants to file a printed transcript of the record in time, and is overruled because it appears that an application to settle a bill of exceptions to the said order is pending: See Walkerly v. Greene (No. 15,712, just decided), 104 Cal. 208, 37 Pac. 890. The other motion to dismiss is also overruled, but solely on the ground that there is no such appeal, the notice having been given long after the time to appeal had expired.

We concur: Van Fleet, J.; McFarland, J.; De Haven, J.; Fitzgerald, J.