[Civ. No. 14776.   First Dist., Div. Two.   Apr. 17, 1951.]

JOSEPH H. COSTA, Appellant, v. REGENTS OF THE UNIVERSITY OF CALIFORNIA et al., Respondents.

Ernest I. Spiegl and Belli, Ashe & Pinney for Appellant.

Dana, Bledsoe & Smith for Respondents.

DOOLING, J.—Respondents move to dismiss the appeal. Two separate questions are involved which for clarity of treatment must be considered separately.

### THE MOTION OF RESPONDENTS CARTER AND EMERSON

These respondents during the course of trial made a motion for nonsuit which was granted by the court, the order granting their motion being entered in the minutes of the court on June 28, 1949, and reading so far as material here:

"Thereupon counsel for defendants . . . made a motion for a nonsuit, which said motion the court granted as to William E. Carter and Anastasia Emerson. . . ."

Thereafter the trial proceeded as to the other defendants and after its conclusion a formal judgment of nonsuit as to defendants Emerson and Carter was signed by the trial judge and entered on August 19, 1949. Plaintiff made a motion for new trial which was ordered "dismissed because of defective notice" on October 6, 1949. Notice of appeal was filed on October 14, 1949.

It is clear that if the minute order of June 28, 1949, granting the motion for nonsuit was the appealable order the notice of appeal was filed too late. (Rules on Appeal, rule 2(a) and (b).)

The notice of motion for new trial was filed on September 3, 1949. This was more than 60 days after the entry of the minute order granting the motion for nonsuit and hence could not operate to extend the time for appealing from that order (Rules on Appeal, rule 3(a)), if that is the appealable order.

Under the long established rule the minute order granting a motion for nonsuit was the order from which the appeal must be taken. (*Nicholson* v. *Henderson,* 25 Cal.2d 375, 378 [153 P.2d 945]; *McColgan* v. *Jones, Hubbard, etc., Inc.,* 11 Cal.2d 243, 245-246 [78 P.2d 1010].) This was not always the rule (*Kimple* v. *Conway,* 69 Cal. 71 [10 P. 189]), but in 1897 section 581, Code of Civil Procedure, dealing with dismissals and nonsuits was amended to provide:

"The dismissals mentioned in subdivisions three, four, five and six of this section, shall be made by orders of the court

entered upon the minutes thereof, and *shall be effective for all purposes when so entered. . . ."* (Emphasis ours.) (Stats. 1897, p. 98.)

Subdivision five of this section covered orders granting nonsuits and by reason of the italicized language in this amendment the order granting a nonsuit entered in the court's minutes was thereafter held to be the appealable order. (*Commins* v. *Guaranty Oil Co.,* 29 Cal.App. 139 [154 P. 882]; *Brown* v. *Sterling Furniture Co.,* 175 Cal. 563 [166 P. 322].)

In 1947 section 581, Code of Civil Procedure, was recast into several sections, i. e., sections 581, 581c and 581d. (Stats. 1947, p. 2256.) Section 581d provides in part:

"All dismissals ordered by the court shall be entered upon the minutes thereof . . . and such orders when so entered shall constitute judgments and be effective for all purposes. . . ."

In recasting section 581 the Legislature put the provision for nonsuits into a separate section, section 581c, reading in part:

"After the plaintiff has completed his opening statement or the presentation of his evidence, the defendant . . . may move for a judgment of nonsuit. If the motion is granted, unless the court in its order for judgment of nonsuit otherwise specifies, such judgment operates as an adjudication on the merits."

It is appellant's contention that by placing the provision for a judgment of nonsuit in a separate section the Legislature indicated an intention that it should no longer be considered a "dismissal ordered by the court" which "shall be entered upon the minutes" and "be effective for all purposes."

This argument ignores the statutory history of this state for an even one hundred years. The Practice Act in section 148 (Stats. 1851, p. 73) treated a judgment of nonsuit as one form of dismissal. We quote:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases:

. . . . . . . . . . . .

"5th. By the Court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the Jury. . . ."

This section of the Practice Act became section 581 Code of Civil Procedure when the codes were enacted in 1872. From

1897 until 1947 a judgment of nonsuit was expressly referred to as a dismissal in the language above quoted: "The dismissals mentioned in subdivisions . . . five . . . of this section shall be made by orders of the court entered upon the minutes. . . ."

In *McColgan* v. *Jones, Hubbard, etc., Inc., supra,* Justice Seawell said, speaking for the court (11 Cal.2d at p. 246): "A nonsuit is but a form of dismissal of an action."

█ In the face of the long statutory and judicial history of this state in which a judgment of nonsuit has always been treated as one form of dismissal we cannot assume that the Legislature in 1947 in recasting section 581 into four sections intended such a radical departure from established practice as to treat a judgment of nonsuit as no longer being a dismissal, particularly in view of the fact that they placed the new section 581d after the new section 581c and provided in section 581d that: "All dismissals ordered by the court shall be entered upon the minutes thereof . . . and such orders when so entered *shall constitute judgments. . . .*" The italicized language expressly making such minute entries judgments was newly added and was a legislative recognition of existing law. (See *Brown* v. *Sterling Furniture Co., supra,* 175 Cal. at p. 564, where the court said that "the order of nonsuit entered upon the minutes of the court constitutes this judgment of nonsuit, since the law declares that such an order so entered is 'effective for all purposes.' ")

Appellant emphasizes that section 581c now makes a judgment of nonsuit an adjudication on the merits unless the court otherwise specifies. This is a legislative question and if the Legislature sees fit to make that form of dismissal known as a nonsuit an adjudication on the merits that is within its province. █ That such a judgment may carry costs does not require its formal entry elsewhere than in the minutes. Dismissals and nonsuits entered in the minutes were held to entitle the defendant to costs under section 581 Code of Civil Procedure before it was recast in 1947. (*Spinks* v. *Superior Court,* 26 Cal.App. 793 [148 P. 798]; *Matson* v. *Fortuna High School Dist.,* 54 Cal.App. 586 [202 P. 167]; and see *Schubert* v. *Bates,* 30 Cal.2d 785, 790 [185 P.2d 793].)

█ We are satisfied that the order granting respondents Carter and Emerson a nonsuit entered in the minutes was the appealable order and that the motion to dismiss as to those two respondents must be granted.

### The Motion of the Other Respondents

▉ The case against the other respondents went to the jury, the jury failed to arrive at a verdict and was discharged. These respondents then moved under Code of Civil Procedure, section 630, for judgment in their favor. The motion was ordered granted by minute order entered August 12, 1949. A formal judgment in accordance with this order was signed by the court and entered on August 18.

The notice of appeal from this judgment was timely if the formal judgment of August 18 was the appealable judgment, but not if the minute order was the appealable order.

Code of Civil Procedure, section 630, provides:

"When a motion for directed verdict, which should have been granted, has been denied . . . and the jury for any reason, has been discharged without having rendered a verdict . . . the court . . . may order judgment to be entered in accordance with the motion for directed verdict."

The minute orders under section 630 are not by the language of that section or otherwise made, as they are by section 581d, Code of Civil Procedure, "judgments . . . effective for all purposes." Since it is only because of the language of section 581d and similar language in section 581 before its amendment in 1947 that orders of dismissal entered in the minutes are held to be appealable orders, we are satisfied that the minute order granting the motion for judgment under section 630 is not appealable, and that the appeal was timely taken from the judgment entered on August 18. (*Ross* v. *O'Brien,* 1 Cal.App. 2d 496 [36 P.2d 1108]; *Integral Land Corp.* v. *Anderson,* 62 Cal.App.2d 770 [145 P.2d 364]; *Egan* v. *McCray,* 220 Cal. 546 [31 P.2d 1041].)

For the reasons given the motion to dismiss the appeal is granted as to respondents Carter and Emerson and denied as to all other respondents.

Nourse, P. J., and Schottky, J. pro tem., concurred.