[Civ. No. 8353.   Third Dist.   Feb. 2, 1953.]

ROWLAND F. SWEET, Appellant, v. EARL H. MARKWART et al., Respondents.

[Civ. No. 8372.   Third Dist.   Feb. 2, 1953.]

ROWLAND F. SWEET, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent.

Earl D. Desmond and E. Vayne Miller for Appellant.

Russell A. Harris, Devlin, Diepenbrock & Wulff, Brobeck, Phleger & Harrison and Lewis, Lewis & Lewis for Respondents.

VAN DYKE, P. J.—Three matters having to do with the appeals herein have been presented to this court for decision. Appellant has petitioned this court that it issue its writ of mandate directed to the trial court ordering it to settle appellant's proposed statement on appeal under rule 7 of the Rules on Appeal in order that he may engross the same and file it with this court. Concurrently, respondents have moved

to dismiss the appeals on various grounds. Appellant has petitioned this court for relief from default in that he has not as yet filed his record. All three matters were heard together and we shall take them up and dispose of them in a single decision.

By his second amended complaint appellant sued respondents Earl H. Markwart, C. W. Howard and American Trust Company, a corporation. The complaint contained five counts, four of them in common count form. The fifth, undoubtedly treating of the same subject matter covered by the common counts, ran as follows: During the years 1946 and 1947 Earl H. Markwart, under the business name of Markwart Industrial Equipment Company, entered into six separate contracts to construct and install certain industrial machinery and aircraft cleaning equipment at prices aggregating $385,-860.71. Before Markwart entered into these contracts he made an agreement with plaintiff whereby plaintiff was to aid in obtaining these contracts and to perform executive, field, and engineering services, necessary in the performance thereof. On completion he was to receive 40 per cent of the net profits. While these contracts were still executory, Markwart by written agreement assigned all his assets, including his interest in these contracts, to defendant Howard for the benefit of his creditors, including American Trust Company, which company was party to the assignment. Both Howard and American Trust Company shortly thereafter agreed with plaintiff that he was to continue to furnish executive, field, and engineering services as agreed with Markwart until the contracts were completed and was to receive from Howard and the American Trust Company the same share of profits which Markwart had agreed he should have. Plaintiff performed all of his obligations under these agreements. Defendants Howard and American Trust Company received payment of the contract prices but failed and refused to pay plaintiff his 40 per cent of the profits which plaintiff alleged to amount to the sum of $24,980.05. During the pendency of the action defendant Howard died and Helen Howard was substituted as executrix of his will. The answers of the various defendants, speaking generally, denied essential allegations of all five counts and the cause proceeded to trial before a jury. During the trial various motions of various defendants for nonsuits as to various counts were made and granted and various defendants were granted motions for directed verdicts as to counts not nonsuited. The cause was finally submitted

to the jury for decision only as to the fifth count against the American Trust Company. After deliberating for some time, all 12 jurors voted for a verdict in favor of plaintiff in the sum of $24,980.05 The verdict was filled out on the form supplied and signed by the foreman, but before returning it to court the jury were taken to dinner by the officer in charge and while they were so engaged one of the members of the jury suffered a heart attack and died. The remaining 11 members returned to court. The verdict form was handed to the clerk of the court but the court refused to enter the verdict as being that of the jury and discharged the jury from further attendance. Thereafter, acting under the provisions of section 630 of the Code of Civil Procedure, the court granted the motions of American Trust Company, of Helen Howard as executrix, etc., and Markwart for judgments in their favor on the counts not nonsuited, upon the theory they had made motions for directed verdicts before the cause was submitted to the jury, that their motions should have been granted and that the jury had been discharged without having rendered a verdict. Thereafter and on June 1, 1951, appellant filed his notice of appeal to this court, wherein he stated that he was appealing from the judgments of nonsuit and from the judgments upon directed verdicts.

In due time appellant gave notice that he would present his appeals by a settled statement pursuant to rule 7 of the Rules on Appeal in lieu of both reporter's and clerk's transcripts. Thereafter and on October 3, 1951, appellant filed in the trial court his proposed statement. Respondents moved the court for an order striking the proposed statement from its files. The grounds were these: That it had not been prepared in accordance with rule 7; that it was not a narrative statement of the oral proceedings occurring at the trial; that it did not contain a condensed statement of any material part of the oral proceedings; that it could not be told whether it contained such portions of the oral proceedings as might be material to determination of the points on appeal for the reason that appellant had not filed or served any points on appeal (the statement of points was filed after the lack had been so pointed out) ; and that it would be impossible for appellant or anyone to prepare an accurate narrative statement of the oral proceedings without the aid of a reporter's transcript thereof. Respondents prayed that the motion be granted; that the court then direct that the record on appeal be prepared by the filing of a reporter's transcript pursuant to rule 4 of the Rules

on Appeal; that if the motion and the requested order be refused then respondents be granted an additional 30 days' period in which to prepare amendments to the proposed narrative statement and judgment roll.

The trial court made the following orders when these matters had been presented and submitted: "It is Ordered that the motion to strike be and the same is hereby denied; however, the Court finds that the transcript as presented is defective and insufficient to present a complete record on appeal, and it is ordered that an amended narrative statement be filed within the next sixty days, *covering all of the evidence,* and proper reference be made therein to the exhibits received in evidence. The transcript presented, commencing with Page 2 of the Reporter's transcript will be treated as sufficient in its present form, provided it is made complete and accurate in all respects." (Emphasis added.)

The above order was made on April 10, 1952. Since that time no further orders appear in the record of the cause, save that from time to time orders have been made extending appellant's time to supplement his statement as ordered. The statement has not been settled, nor have respondents filed in the trial court any proposed amendments thereto.

We will consider first the motions to dismiss the appeals from the nonsuits. With respect to such appeals the rules provide that the notice of appeal therefrom shall be filed within 60 days from the date of entry in the permanent minutes unless such minute order as entered expressly directs that a written order be prepared, signed and filed, in which event the date of entry shall be the date of filing of the signed order. This last condition did not obtain in the present cause. No new trial proceedings were begun. (*Costa* v. *Regents of University of Calif.,* 103 Cal.App.2d 491 [229 P.2d 867].) Therefore, the date of entry of the minute order in the permanent minutes of the court marks the beginning of the time within which an appeal could be taken therefrom.

On February 23, 1951, the trial court made and entered in its permanent minutes an order granting the motions of Helen H. Howard, executrix, and American Trust Company for nonsuits in their favor as to the first, second and fourth causes of action. The notice of appeal was filed June 1st following. Therefore the appeals from the orders of nonsuit in favor of said respondents as to said first, second and fourth causes of action must be dismissed. (*Costa* v. *Regents of University of Calif., supra.*) Respondent Markwart has

made no motion to dismiss and no record now before us tells us whether or not the appeals from nonsuits in his favor are likewise without jurisdiction. All other appeals were timely.

Respondents American Trust Company and Helen H. Howard have moved for an order dismissing the appeals taken against them upon the ground that appellant has so failed to diligently prosecute his appeals as to entitle them to a dismissal thereof. ■ On June 8, 1951 appellant filed his written notice of election to present his appeal by settled statement under said rule 7. He became obligated to comply with the time limitations contained in the rules. He had 30 days to file his proposed statement. He obtained various orders of extension from the trial court. Assuming these orders to have been properly made, the trial court under rule 45(b) could have extended his time 90 days in the aggregate, which would carry him to October 6, 1951, three days beyond the date he filed his statement. ■ But movants say that the last two orders made by the trial court granting extensions of time to file the proposed statement were void because made on ex parte application. Upon this subject the rules state merely this: ''Anything in these rules to the contrary notwithstanding, the initial extension granted to any party by the superior court may be granted ex parte.'' The rules do not expressly declare that if, after the first, an extension be granted ex parte the order granting it is void. While of course trial court should not grant ex parte extensions after an initial extension so granted, yet we do not think the trial court lacks power to make such an order. We do not think that, by implication, the rule granting the power to make the initial extension ex parte should be held to put it beyond the power of the trial court in a proper case to act ex parte beyond the initial extension. Each extension was made prior to the expiration of a preceding extension and therefore the proposed statement filed on October 3, 1951, was filed within the time as extended. ·

Notwithstanding the timely filing of the proposed statement the record discloses that more than 13 months had elapsed thereafter when on November 24, 1952, movants filed their notice of motion to dismiss for want of prosecution. ■ It is the duty of an appellant to proceed diligently to procure and file his record on appeal. (*Flint* v. *Board of Medical Examiners,* 72 Cal.App.2d 844-846 [165 P.2d 694].)

■ There is a correlative duty imposed upon counsel for respondent when the proposed statement has been filed. He

has no right to propose amendments which he knows ought not to be allowed and he must engage in no dilatory tactics not justified by the condition or content of the proposed statement. (*Walkerley* v. *Greene,* 104 Cal. 208, 212 [37 P. 890].) Respondents did not propose any amendments nor did they obtain any order of the trial court extending their time to do so. ▮ What respondents did was to give notice of a motion to strike the proposed statement from the files. Although the Rules on Appeal do not expressly recognize the propriety of such a motion, nevertheless there are a number of decisions which discuss such motions, apparently recognizing that in a proper case such a motion will lie. ▮ But a motion to strike is not a means of testing the propriety or sufficiency of the proposed statement except in extreme cases where it can be said that the statement is fraudulent or sham. ▮ Providing a record under rule 7 is closely akin to the old proceeding for the settlement of a bill of exceptions, and so far as motions to strike be concerned we think the same rules apply. In *Walkerly* v. *Greene, supra,* it was held that a party desiring a bill of exceptions was not compelled to propose a perfect bill in the first draft on pain of forfeiting his right to review of the decison from which he had appealed; that it was the undoubted duty of the appellant to proceed in good faith and do his proper share of the work involved in the settlement of the bill; that he could not put off upon the opposite party or the judge the labor of reducing to writing and incorporating by amendment statements of amendments and other matters which he knew a proper bill of exceptions ought to contain; and that he had no right to include statements or matters that were untrue or irrelevant. It was further held that a corresponding duty rested upon the opposite party who had no right to propose amendments which he knew ought not to be allowed and that these reciprocal duties of the parties were undoubted. The court said that while it was not easy in a particular case to decide whether or not these duties had been consciously and deliberately violated yet it was only in a gross case of palpable and deliberate fraud that the severe penalty of striking out the bill and thus denying the party a hearing upon the merits of his case could be properly imposed; that the right of a judge to strike out or refuse to settle a bill of exceptions was limited to a case of gross and manifest fraud on the part of the one proposing it.

For our consideration in determining the instant proceedings there has been lodged with this court the appellant's

proposed statement. It contained the judgment roll. ▇ As to the oral proceedings, a document was filed entitled "Appellant's Proposed Narrative Statement of the Oral Proceedings Pursuant to Rule 7 of Rules on Appeal and Partial Transcript by Question and Answer." It was not narrative at all. It was mainly the chronological recitation of occurrences during the trial. For example, that on a certain day the court convened and a certain witness was sworn and testified as set forth in that part of the statement called "Partial Transcript by Question and Answer." Of course this is not a proper way to prepare a narrative statement. Rule 7 is clear that an appellant, having elected to proceed under it, shall serve and file a *condensed* statement in *narrative* form of all *or such portions of the oral proceedings as he deems material* to the determination of the points on appeal. ▇ He is permitted, when necessary, for purposes of accuracy to set forth portions of the evidence by question and answer, but only subject to approval of the court in settling the statement.

▇ While appellant here ought to have obeyed these rules, nevertheless, if his statement as proposed actually contained those portions of the oral proceedings which he deemed material to the determination of his points on appeal, the court could not strike it out, but must proceed to settle it. It could not be said that such a proposed statement, even though defective in form as indicated, was sham, pretense or fraudulent.

▇ Appellant appeals from orders of nonsuit entered during the course of the trial and from judgments taken against him under section 630 of the Code of Civil Procedure. The test of the propriety thereof on appeal is this: Taking as true all evidence tending to prove plaintiff's causes of action, drawing of all permissible favorable inferences therefrom, and disregarding all evidence that does no more than raise a conflict with the evidence favorable to plaintiff, can it be said that upon no legal theory had he made a prima facie showing of his right to recover. (West's Cal.Dig., "Trial," vol. 42, § 139, pp. 337-351.) ▇ The record on such appeals need not include all the evidence, and ought to exclude in the interest of brevity all evidence that is merely contradictory of the evidence favorable to plaintiff, for such evidence, if included, would have to be disregarded. It is quite apparent that a consistent and insistent effort was made by counsel for the respondents to compel appellant to include in his record on appeal all of the evidence taken. For instance, counsel for respondent American Trust Company

files herein an affidavit wherein he says that at all hearings of the motion to strike he urged that the statement was incomplete and did not present a full or correct statement of the evidence of the proceedings had at the trial with particular emphasis on the following: 1. That the same did not contain any evidence adduced in the defendants' case which consumed approximately five days of trial, and, 2. That the same did not include any of the rulings of the court upon objections made by defendants to evidence sought to be adduced by plaintiff. As we have said, the evidence, including that adduced by defendants, which was merely contradictory of the plaintiff's evidence, would not be material in determining whether or not the trial court was justified in nonsuiting the plaintiff and in directing verdicts against him.

It is clear, however, that respondents measurably succeeded in persuading the trial court that such matters ought to be included, for the trial court ordered the appellant to add to his statement all of the evidence. The same counsel affirmed that some of the evidence included in the statement as filed had been limited in its application to respondent Markwart. If so, that was no ground for striking the statement, but should have been covered in the performance of counsel's plain duties in the matter by proposed amendments which would show that such orders had been made. Without laboring the point further, we conclude that in substantial part the difficulties which the parties have encountered in perfecting the record on appeal in this cause are chargeable to the respondents themselves. We have no doubt that had the reciprocal duties of all counsel been performed the perfection of the record on appeal herein would have consumed little of their time, little of the trial court's time and none of this court's time in passing on matters which never ought to have become the subject of decision. We are somewhat persuaded to this conclusion by the matters appearing in the affidavits on behalf of appellant to the effect that he was financially unable to bring up a record under rule 4 and that a statement under rule 7 was the only avenue open to him through which to test the propriety of the orders and judgments from which he appealed. In saying all of the foregoing, however, we do not in anywise commend the failure of appellant's counsel to exercise proper diligence in pressing for the completion of the record. It is only because the fault is not wholly his and because we are reluctant to deny to an appellant the right to have his appeal heard

on the merits where counsel on both sides have been derelict in the performance of their duties, that we deny the motion to dismiss.

The Rules on Appeal do not, and for obvious reasons should not, set specific limitations upon the time which the trial court may use in settling a statement. In this cause the trial court has not refused to settle the statement and we feel that if all parties concerned approach the solution of any problem presented in the preparation of the record herein in the spirit in which it ought to be approached no difficulty will be experienced in perfecting the statement.

The motions to dismiss the appeals are denied, save, as hereinbefore stated, with respect to the orders of nonsuit in favor of respondents American Trust Company and Helen H. Howard as executrix, on the first, second and fourth counts, which appeals are dismissed.

The petition of appellant for mandate is denied. (*Averill v. Lincoln,* 24 Cal.2d 761 [151 P.2d 119].)

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied March 4, 1953.