[Civ. No. 8646.   Third Dist.   Dec. 2, 1955.]

MARTHA RACHEL STILES, as Administratrix, etc., et al., Respondents, v. AMERICAN TRUST COMPANY (a Corporation), as Administrator, etc., Defendant and Appellant.

WILLIAM LAVERNE DUNN, Plaintiff and Appellant, v. AMERICAN TRUST COMPANY (a Corporation), as Administrator, etc., Defendant and Appellant.

Rowland R. King, David B. Lombardi and Burke & Rawles for Respondents and Plaintiff and Appellant.

Forrest A. Betts, Mannon & Brazier, Charles Bell and James A. Williams for Defendant and Appellant.

VAN DYKE, P. J.—These are appeals in consolidated actions for damages arising out of an airplane accident in which the respondents Stiles and Dunn suffered serious personal injuries and the infant daughter of Mrs. Stiles was instantly killed. Dave Holder, deceased, was the owner and pilot of the plane in which respondents were riding when it fell shortly after taking off at the Willits Airport.

Respondent Stiles and her baby lived with her mother in Willits. The deceased, Mr. Holder, was a friend of the family. He lived in San Mateo but owned a ranch near Willits, upon which one of the respondent Stiles' married sisters and her husband lived. This sister testified that when Holder came to Willits it was customary for her to use her mother's car to drive him around but that he never paid, nor was expected to pay, for such service. On the day of the accident Holder flew from Belmont to Willits. Upon arrival he telephoned respondent Stiles and asked if her sister was there. Respondent Stiles testified: "I told him no. And then I asked if I could help him, or what he wanted?" And he said that he wanted my sister to come up and take him around town some. And I asked him if he wanted me to, if he needed me to come and do it? And he said yes. And he told me if I would that he would take me in the airplane, take me for a ride in the airplane afterwards. And so I told him I would be there in a few minutes." Respondent Stiles then took her small baby and drove her mother's car down town to meet Holder, who then drove to the residence of Mr. Stansberry, whom he wished to see about trading some horses. Respondent Stiles and the baby accompanied him. Mr. Stansberry was not at home, and after a few minutes'

conversation with his wife, Holder returned to the car where respondent Stiles and the baby were waiting. He then started to drive to the airport. En route they overtook respondent Dunn who was on foot. He had been out to call upon respondent Stiles, but, of course, had not found her at home. Holder stopped the car and picked up respondent Dunn whom he had never met. The two were introduced by respondent Stiles and they all proceeded to the airport, where respondent Stiles testified Holder asked her to go up with him. Respondent Stiles then asked Holder "if there was enough air" to also take respondent Dunn, and Holder replied that there was. After this conversation, Holder and the respondents boarded the plane. Respondent Stiles held the baby. Holder started the motor, taxied down the runway, and took off. Shortly after leveling off at an altitude of about 75 feet, the plane fell to the earth and crashed into a tree. Holder and the baby were killed and the respondents were injured.

Each of the respondents brought an action for damages against the appellant American Trust Company as the administrator of the estate of Dave Holder, deceased, based upon the alleged negligence, wilful misconduct, and intoxication of Holder. The two actions were consolidated for trial before a jury. The trial court directed verdicts in favor of the defendant on the causes of action predicated on intoxication and on respondent Dunn's cause of action founded on negligence. On other counts the jury disagreed and a mistrial was declared. However, the parties stipulated that it be deemed that the jury had performed its duty and returned directed verdicts. Accordingly, judgment was entered in favor of appellant American Trust Company on the causes of action based on intoxication and on respondent Dunn's cause of action based on negligence It is conceded on this appeal that the trial court properly directed verdicts on the causes of action based on intoxication, but respondent Dunn has appealed from that portion of the judgment in favor of appellant American Trust Company on his cause of action based on negligence. We will first consider this appeal.

Dunn contends that the trial court erred in holding, as a matter of law, that he was a guest and therefore barred from maintaining an action based on negligence, by virtue of section 15 of the State Aeronautics Commission Act (now Pub. Util. Code, § 21406), which provides:

"No guest riding in or upon any aircraft without giving

compensation for such ride shall have, nor shall any other person have, any right of action for civil damages against the airman flying such aircraft or against any other person otherwise legally liable for the conduct of such airman on account of personal injury to or the death of such guest during such ride, unless the plaintiff in any such action establishes that such injury or death proximately resulted from the intoxication or wilful misconduct of said airman.''

There was no evidence from which it could be reasonably found that respondent Dunn, or anyone on his behalf, gave ''compensation'' to the deceased Dave Holder for respondent Dunn's ride. As noted above, they met for the first time that morning when respondent Stiles introduced them. Respondent Stiles' furnishing Holder with the use of her mother's car could not constitute ''compensation'' for the ride for respondent Dunn. At the time that Holder, according to Stiles, promised to give respondent Stiles a ride if she would drive him around, none of the parties contemplated that, unforeseeably, respondent Dunn would accompany them. There was no evidence from which it could be inferred that the use of the car was conditioned upon Holder's giving a ride to respondent Dunn or anyone other than respondent Stiles. There is no evidence that respondent Dunn expected to suffer detriment from, or to confer any benefit upon, Holder. The arrangement between Holder and respondent Stiles for the use of the car was in no way connected with respondent Dunn. It was merely by chance that he joined them. Holder did no more than acquiesce in respondent Stiles' suggestion that respondent Dunn also be taken up. The trial court correctly held that, as a matter of law, respondent Dunn was a guest. Therefore, it correctly directed a verdict on respondent Dunn's cause of action based on negligence.

As already noted, the jury disagreed and a mistrial was declared. After the jury's discharge, appellant American Trust Company made a motion for judgment pursuant to section 630 of the Code of Civil Procedure, which provides:

''When a motion for a directed verdict, which should have been granted, has been denied or for any reason not granted, and the jury for any reason, has been discharged without having rendered a verdict, then within 10 days after the discharge of the jury, the court on its own motion, or after said 10-day period, upon motion, notice of which was given within said 10-day period, may order judgment

to be entered in accordance with the motion for a directed verdict. . . .''

Appellant American Trust Company appeals from the ''Judgment and Order'' denying said motion as to the causes of action based on wilful misconduct and as to respondent Stiles' causes of action based on negligence. In this case there was not, and could not be, a judgment from which an appeal would lie. ■ If the motion had been granted, then judgment would have been entered accordingly. In such case, the appeal would have to be taken from the judgment and not from the order granting the motion. (*Costa* v. *University of California*, 103 Cal.App.2d 491, 495 [229 P.2d 867].) ■ However, if the motion is denied, there is no judgment which can be entered and the cause may be reset for trial. Herein, the motion was denied by minute order. ■ Although, under section 963 of the Code of Civil Procedure, an appeal may be taken from an order denying a motion for judgment notwithstanding the verdict, no such provision is made in respect to an order denying a motion for judgment where no verdict is returned. Appealable judgments and orders are fixed by statute. Here the statute defining appealable judgments and orders grants no appeal from an order denying a motion made pursuant to the provisions of section 630 of the Code of Civil Procedure.

The judgment appealed from by appellant Dunn, dated January 19, 1954, decreeing said appellant take nothing by the first cause of action alleged in his amended complaint is affirmed. The appeals of American Trust Company, a corporation, are dismissed.

Peek, J., and Schottky, J., concurred.