[Civ. No. 18097.   First Dist., Div. One.   May 9, 1958.]

GLADYS TORREGANO STEVENS, Petitioner, v. SUPE-
RIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent; ALFRED TORRE-
GANO, Real Party in Interest.

Bergen Van Brunt and Allan L. Sapiro for Petitioner.

No appearance for Respondent.

Wallace, Garrison, Norton & Ray for Real Party in Interest.

PETERS, P. J.—This is a petition for an appropriate writ in a controversy involving the propriety of the trial court's rulings in striking a proposed narrative statement, and in purporting to amend the decree involved after an appeal had been taken from it.

Ernest Torregano died testate in January of 1954. His will contains three provisions that are here relevant. The first of these is the second paragraph which provides:

"I declare that I am a widower and that I have no children, issue of my marriage; that my deceased wife's name was Pearl C. Torregano; that my entire estate is separate property."

The thirteenth paragraph of the will provides:

"I give, devise and bequeath to any person or persons who may contest this my Last Will and Testament, or assert any claim to share my estate by virtue of relationship or otherwise the sum of One Dollar ($1.00) each in settlement of their said claim or claims."

By the fourteenth paragraph of the will the residue of the estate was devised to the brother of the deceased, Alfred Torregano, if he should survive the testator, and if not, then to his brother's wife and to the testator's nieces.

The Bank of America has been appointed executor of this will.

In January of 1957, the petitioner, Gladys Torregano Stevens, filed a petition seeking a determination that she is the daughter and pretermitted heir of Ernest Torregano. This petition alleges, in substance, that petitioner is the daughter of the testator, that she was unintentionally omitted from the will, and that she is a pretermitted heir under section 1080 of the Probate Code. Alfred Torregano, as the real party in interest, in due course, answered this petition, setting up as his sole defense that under paragraph 13 of the will petitioner was disinherited and under paragraph 14 he was entitled to the residue of the estate.

The case proceeded to trial on this issue in May of 1957. At the commencement of the trial Alfred Torregano moved to dismiss on the ground that, under the will, petitioner, even if a daughter, as a matter of law, was not a pretermitted heir. The motion was taken under submission. Then a jury was selected, and, over a period of five and a half days, the parties presented their respective cases to the jury. Both sides then rested. Before argument, the trial court granted the motion to dismiss, ruling that, as a matter of law, and regardless of the evidence, the petitioner is not a pretermitted heir of Ernest Torregano and was entitled to the sum of $1.00 only. It entered its decree accordingly. After denial by the trial court of petitioner's motion for a new trial, on September 13, 1957, petitioner filed a notice of appeal and her election to appeal on a settled statement.

On September 26, 1957, Alfred Torregano moved the trial court for an order to amend *nunc pro tunc* the decree appealed from that had been entered May 27, 1957, to add to it the determination that in January of 1955 one Janet Bryant had filed a petition in the Torregano estate for a decree determining to whom distribution should be made and establishing the rights of all persons interested therein; that notice of this proceeding was given as required by law; that on February 11, 1955, the court issued its decree determining heirship, finding that the various persons mentioned in the will, not including petitioner, were entitled to certain fixed sums, and that the residue of the estate was vested in Alfred Torregano. Petitioner objected to the motion on the grounds that since an appeal had been taken from the May 27, 1957, decree, the trial court was without jurisdiction to amend that decree; that the issues as to the existence or effect of the Bryant decree were first raised by Alfred Torregano in September of 1957; that petitioner did not know of the death of her father until December, 1956, and was never served with process in the Bryant proceeding. The trial court rejected petitioner's objections and entered its order amending its May 27, 1957, decree, *nunc pro tunc,* on September 30, 1957, by adding to it the pertinent facts in reference to the Bryant heirship proceeding, and by concluding that the Bryant decree "is final and binding on all persons."

Petitioner attacks this *nunc pro tunc* order, pointing out that she cannot appeal from it as a special order after final judgment because section 1240 of the Probate Code, which lists the appealable orders in probate proceedings, does not

include such orders. Her major contention is that the trial court attempted in this fashion to amend its prior decree by correcting it for a judicial error after it had lost jurisdiction by reason of the appeal. This constitutes one of the two matters involved in this petition.

The second matter relates to petitioner's unsuccessful attempt to secure a settled statement on her appeal from the May 27, 1957, decree. On November 26, 1957, petitioner filed her proposed settled statement with the trial court. Alfred Torregano moved to strike those portions of the proposed settled statement containing the narrative statement of the evidence on the ground that all such evidence was irrelevant to the points involved on the appeal. The real party in interest also moved to augment the clerk's transcript portion of the settled statement by adding thereto the *nunc pro tunc* order above mentioned.

On January 10, 1958, a hearing was had on the settlement of the proposed settled statement. At the conclusion of that hearing the trial court granted the motion of Alfred Torregano to strike all of the narrative statement of the oral proceedings, and ordered that the settled statement be augmented by including therein the *nunc pro tunc* order of September 30, 1957, and the several documents relating thereto. The correctness of these rulings constitutes the second matter involved in this petition, and will first be considered by this court.

Petitioner avers, and it is not denied, that Alfred Torregano made no showing that any portion of the proposed narrative statement was false, fraudulent or unsupported by the record, made no proposed amendments to her narrative statement, and has not proposed any corrections thereto. Petitioner further avers that by granting the motion to strike, the trial court has prevented the appellate courts from reviewing the evidence in order that the circumstances existing at the time of the making and executing of the decedent's will may be fully understood; that in petitioner's case, among other things, the narrative statement and oral proceedings show, by unrebutted testimony, that the decedent, who was an attorney, believed that his daughter, the petitioner herein, was dead at the time he executed the will. It is contended that such evidence may and should be considered in construing the will.

The trial court clearly abused its powers in striking from the proposed settled statement the narrative statement of the oral proceedings. This conclusion necessarily follows

from a consideration of the duties of the trial court in ruling upon settled statements. Under the Rules on Appeal the appellant may select the method by which the record shall be prepared—the judgment roll, full reporter's transcript, agreed statement or settled statement. Rule 7 confers the legal right to proceed on a settled statement. That rule provides for the filing by appellant, in lieu of a reporter's transcript, of a proposed narrative statement. The respondent is then given the opportunity to file proposed amendments. Rule 7(d) then provides for a hearing on the settlement of the statement. The judge is then required to "settle the statement and fix the time within which the appellant shall engross it as settled." When the appellant files the engrossed statement, with time given to respondent to object, it is "presented by the clerk to the judge for certification." The rules do not provide for a motion to strike the narrative statement except in rule 7(c) where it is provided that the appellant, if he has had an entire or partial transcript of the oral proceedings prepared and refuses to comply with a court order to allow its use by respondent, a motion to strike the proposed statement may be granted. ■ As was said in *Sweet* v. *Markwart*, 115 Cal.App.2d 735, 742 [252 P.2d 751], "a motion to strike is not a means of testing the propriety or sufficiency of the proposed statement except in extreme cases where it can be said that the statement is fraudulent or sham." That case also held that the rules applicable to motions to strike in connection with the old proceeding for the settlement of a bill of exceptions were applicable to motions to strike when a record is prepared under rule 7. The court referred to *Walkerly* v. *Greene*, 104 Cal. 208 [37 P. 890], and stated that under the rule of that case (p. 742) ". . . it was only in a gross case of palpable and deliberate fraud that the severe penalty of striking out the bill and thus denying the party a hearing upon the merits of his case could be properly imposed; that the right of a judge to strike out or refuse to settle a bill of exceptions was limited to a case of gross and manifest fraud on the part of the one proposing it."

■ The court in the Sweet case went on to state that if the appellant has prepared a statement, even if deficient, that contained "those portions of the oral proceedings which he deemed material to the determination of his points on appeal, the court could not strike it out, but must proceed to settle it." It is only where the proposed narrative statement is

wholly insufficient, a sham and a fraud, that the court may strike it. (*Keller* v. *Superior Court,* 100 Cal.App.2d 231 [223 P.2d 309]; *Western States Const. Co.* v. *Municipal Court,* 38 Cal.2d 146 [238 P.2d 562].)

■ It is quite obvious that under the rules it is the duty of the trial court to settle a proposed statement, not to make one. The appellant has the legal right to choose his method of appeal and to present any legal argument he may desire. The theory of the trial court in striking the proposed narrative statement, as disclosed by its memorandum opinion, was that under the case of *Van Strien* v. *Jones,* 46 Cal.2d 705 [299 P.2d 1], and other cases, the fact, if it be a fact, that the evidence shows that decedent thought that petitioner was dead when he executed the will and so excluded her unintentionally, is immaterial because the interpretation of the disinheriting clause is purely a question of law to be determined from the will alone. Petitioner contends, and argues at length, that the provisions of the will involved in the Van Strien case were radically different from those here involved, that this will shows on its face that it is ambiguous, and that, in such a case, the oral testimony is admissible to show that the deceased thought his daughter was dead when he executed the will. This, so it is contended, makes petitioner a pretermitted heir. That is the very point that will be decided on the appeal on its merits. We express no opinion on it now. Petitioner, right or wrong, has the legal right to present the point. The trial court, by striking the proposed narrative statement, assumed to decide the point. The effect of its order was to compel the petitioner to appeal on the judgment roll alone, and to deprive her of the right to appeal on a settled statement. It was not for the trial court to decide in passing on the record that its order of dismissal was correct because the oral evidence could not be used to interpret the will. By purporting to so decide the trial court assumed the functions of the appellate court. That is not the purpose of a proceeding to settle a proposed statement. The trial court abused its powers when it attempted to prevent the petitioner from submitting the record she needed to intelligently argue the point.

In view of the fact that the Van Strien case was decided by a divided court, and in view of the differences between the will in that case and in the instant one, it cannot be said that by arguing for a rule contrary to that announced by the majority in the Van Strien case, the petitioner was fraudulent, or that her position was sham or frivolous. Even if the

decided cases without question held that oral testimony cannot be considered, and we do not so construe them, the petitioner has the legal right to seek a reversal of those cases. This she would be prevented from doing if the order granting the motion to strike is allowed to stand.

It is apparent that a writ of mandate should issue. Although Alfred Torregano has not seen fit to submit amendments to the proposed narrative statement, in the interests of justice, the trial court may permit him to do so, and the court is then ordered to settle the proposed settled statement in accordance with the views herein expressed.

The other point raised is the propriety of the *nunc pro tunc* order of September 30, 1957, purporting to amend the heirship decree after the trial court had lost jurisdiction of that decree. This is not an appealable order, so that this portion of the petition may be treated as a petition for a writ of *certiorari*.

This order of September 30, 1957, was obviously a nullity. The contention that the Bryant decree was res judicata was not raised in the pleadings or at the trial. The first mention of it in the record is in the motion to amend *nunc pro tunc* the heirship decree. Thus, the order *nunc pro tunc* was an attempt to add to the judgment already rendered and then on appeal the defense of res judicata. It is too elementary to require extended discussion that the benefit of a prior adjudication constituting an estoppel may be waived, that it must be pleaded, and unless pleaded it is waived. (See cases collected 29 Cal.Jur.2d p. 258, § 282.) The basis of the rule is that there are several valid defenses that may exist to such a plea so that the issue must be passed on by the trial court.

It is clear that the amendment *nunc pro tunc* by adding this defense to the action was an attempt by the trial court to correct a judicial error and not to correct a mere clerical one. The filing of the notice of appeal deprived the trial court of the power to later amend or modify its judgment. (*Wagner* v. *Shapona*, 123 Cal.App.2d 451 [267 P.2d 378].) The attempt to do so was an attempt to correct a judicial error. (See *Lankton* v. *Superior Court*, 5 Cal.2d 694 [55 P.2d 1170]; *Stevens* v. *Superior Court*, 7 Cal.2d 110 [59 P.2d 988]; *Bastajian* v. *Brown*, 19 Cal.2d 209 [120 P.2d 9]; *Estate of Burnett*, 11 Cal.2d 259 [79 P.2d 89]; 29 Cal.Jur.2d 17; 3 Witkin, California Procedure, p. 1894.) This the court had no power to do. The amending order *nunc pro tunc* should be annulled.

Let a writ of mandate issue in accordance with the views herein expressed. The order of September 30, 1957, purporting to amend the heirship decree is annulled. The alternative writ of prohibition is discharged.

Bray, J., and Wood (Fred B.), J., concurred.