467 P.2d 424

Myrl WELLS, Plaintiff and Respondent,

v.

BLUE SHIELD OF UTAH, Defendant and Appellant.

No. 11871.

Supreme Court of Utah.

April 3, 1970.

Albert R. Bowen, of Ray, Quinney & Nebeker, Salt Lake City, for appellant.

D. Gary Christian, J. Dennis Frederick, of Kipp & Christian, Salt Lake City, for respondent.

TUCKETT, Justice:

On April 16, 1968, the plaintiff was injured in an accident at his home in Corinne, Utah, while he was attempting to repair a damaged fuel tank. The plaintiff was using a jack to straighten the tank when the jack slipped and the jack handle struck the plaintiff in the mouth. The blow from the jack handle fractured the plaintiff's jaw, broke several of his teeth and also dislodged three of the teeth.

After the accident the plaintiff was taken to the office of Dr. H. J. Griffin, D. D. S., a dental surgeon who administered emergency treatment to the plaintiff and then referred him to Dr. R. Wendell White, D. D. S., an oral surgeon. The plaintiff was hospitalized by Dr. White who treated the fracture of the jaw and thereafter referred the plaintiff back to Dr. Griffin for repair of the fractured teeth and to install bridge work in the plaintiff's mouth to replace the fractured and dislodged teeth.

The defendant paid the bill submitted to it by Dr. White but refused to pay for the services of Dr. Griffin. The plaintiff paid Dr. Griffin and commenced these proceedings for reimbursement.

The contract of insurance subscribed to by the plaintiff provided that he was entitled to the following services:

Surgical services rendered by a participating physician in the treatment of disease, illness, or injury. The term "surgical services" shall mean: cutting, suturing, and operative procedures; treatment of fractures and dislocations or orthopedic casting.

The defendant claims that certain exclusions in the policy preclude the plaintiff from recovery. One of the exclusions is as follows:

Physician's services for extraction of teeth or other dental processes.

The defendant contends that the services covered by the policy are limited to those performed by a physician who is a participating member of the defendant corporation.[1]

The trial court was of the opinion that there were ambiguities in the contract which should be resolved against the defendant and in favor of the plaintiff.

 It seems quite clear from the record in this case that the services performed by Dr. Griffin were not those ordinarily performed in the practice of dentistry such as the treatment of caries and other diseases of teeth and gums. Services which were performed by Dr. Griffin were solely for the purpose of repairing the injuries suffered by the plaintiff from an accident which the ordinary person would assume came within the term of "Surgical Services" as defined in the policy. The wording of the policy which refers to participating physician would not generally be interpreted by a lay insured as excluding doctors of dental science or dental surgeons and the policy itself does not inform the subscriber as to those of the healing arts who are authorized to perform services as a participating member.

We are of the opinion that there is an ambiguity in the contract of insurance inasmuch as the plaintiff was entitled to services necessitated by an injury.[2] We do not believe that the vague and uncertain language contained in the exclusions set forth in the contract should defeat the plaintiff's right to recovery.

The judgment of the court below is affirmed. Plaintiff is entitled to costs.

CROCKETT, C. J., and CALLISTER and HENRIOD, JJ., concur.

ELLETT, Justice (concurring):

I concur but with some mental reservations. Under the contract as written, I think the trial court was correct in holding that the services of both the dental surgeon and the dentist were covered. Where, as a part of the entire treatment to be rendered to a patient by a surgeon, the assistance of a dentist is required, then that dentist's bill should also be included.

However, I do not consider this case as any authority for defendant's liability to a dentist where his work is not part of a service rendered by a surgeon. For instance, if in this case instead of suffering a broken jaw, the plaintiff had only lost his teeth, so that he did not need the serv-

1. Continental Casualty Co. v. Street, Tex., 379 S.W.2d 648.

2. Auto Lease Co. v. Central Mutual Insurance Co., 7 Utah 2d 336, 325 P.2d 264; Hunt v. Hospital Service Plan of New Jersey, 33 N.J. 98, 162 A.2d 561, 81 A.L.R.2d 919, 928; Fidelity and Casualty Co. of New York v. Carll and Ramagosa, Inc., 243 F.Supp. 481.

**162**

ices of a surgeon, I am not prepared to say Blue Shield of Utah would have to pay for the dental bill. With this reservation, I concur in the decision as written.